WOODWARD V. RODGERS.

Promissory note: FRAUD: ONUS. Where fraud in the inception of a promissory note is established by the evidence, the burden is thereby cast upon the holder to show that he is a *bona fide* purchaser before maturity.

*Appeal from Washington Circuit Court.*

FRIDAY, APRIL 21.

ACTION upon a promissory note. The answer of defendant avers that the note, in its body and signature, is a forgery; that the payee of the note, one Pond, procured the signature of defendant thereto by fraud, and that plaintiff is not a *bona fide* holder, and did not pay a valuable consideration for the note. Upon the trial defendant introduced evidence tending to prove that the note sued on was procured by the fraud of the payee, and was given without consideration; but there was no evidence tending to prove that plaintiff was not a *bona fide* holder of the note for value before the maturity thereof. Whereupon the court, upon the motion of the plaintiff, excluded all the testimony introduced by defendant tending to establish fraud by the payee, on the ground that no evidence was given tending to show that plaintiff was not a *bona fide* holder of the note for value, before its maturity. The court instructed the jury that there was no evidence before them except the note, and that it was their duty to return a verdict for plaintiff. A verdict was accordingly rendered and judgment had for plaintiff.

Defendant appeals.

*McJunkin & Henderson,* and *Bennett & Wheeler* for the appellant.

*Charles Baker* and *H. & W. Scofield* for the appellee.

Woodward v. Rodgers.

BECK, J. — The rule of the authorities unquestionably is, that when the defense to a note is fraud in its inception, and such defense is supported by evidence, the *onus* is thereby cast upon the holder, who brings the action, to show that he gave value for it, and that he is a *bona fide* purchaser before maturity. This is a well-settled and familiar doctrine. *Lane* v. *Krekle*, 22 Iowa, 400; *Hall* v. *Featherstone*, 3 Hurl. & Norm. 284; *Munroe* v. *Cooper*, 5 Pick. 412; *Aldrich* v. *Warren*, 16 Me. 465; *Perrin* v. *Noyes*, 39 id. 384; *Catlin* v. *Hansen*, 1 Duer, 309; 2 Pars. on Notes and Bills, 438; Story on Prom. Notes, § 196; Chitty on Bills, 260, 648; Edwards on Bills, 310; 1 Smith's Lead. Cases, Hare and Wall. Note, 523, 524. See, also, the recent case of *Smith* v. *The County of Sac*, in the State of Iowa, decided by the United States supreme court during its present term, where the rule is sanctioned and applied.

Applying this doctrine to the case before us, it becomes apparent that the ruling of the circuit court in excluding the evidence, and in instructing the jury to find for plaintiff, is erroneous. The other points made by appellant need not be considered as the judgment of the court below, on account of the error above pointed out, must be

Reversed.