THE ROCK ISLAND NATIONAL BANK v. NELSON.

1. **Promissory Note:** FRAUD: BURDEN OF PROOF. Where fraud or illegality in the inception of. a note is pleaded in an action thereon, and the plea is supported by evidence, the burden of. proof is upon the plaintiff to show that he gave value for it and that he is a *bona fide* purchaser before maturity.

2. ———: ———: INTOXICATING LIQUORS. When it has been established, in an action by the indorsee, that the note was given for intoxicating liquors sold in violation of law, the burden is upon the plaintiff to show that he took the note for value without notice of its infirmity.

*Appeal from Harrison District Court.*

TUESDAY, OCTOBER 26.

ACTION upon two promissory notes. As a defense to the action, defendant pleads that the notes were given for intoxicating liquors, which were sold by defendant with a knowledge of the laws of this state upon the subject, and with an intent to violate them, and to enable defendant to sell the liquors in this state in violation of law, and that the notes were transferred to plaintiff after maturity and without any valuable consideration. There was a trial to the court, without a jury, and a judgment for plaintiff. Defendant appeals.

*F. M. Dance,* for appellant.

Notes transferred after maturity are subject to all equities against them in the hands of the original holders. (*Merchants Nat. Bk. v. McNulty,* 36 Iowa, 231.) Notes given in payment of intoxicating liquors are null and void in the hands of the original payee, and after payment the payer can recover back the money. (*Carlin v. Heller,* 34 Iowa, 256.) When fraud in the inception of notes is established, the holder has the burden to show that he was a *bona fide* holder before maturity. (*Woodward v. Rogers,* 31 Iowa, 343; 2 Pars. on Notes and Bills, 438; *Monroe v. Cooper,* 5 Pick., 412; *Aldrich v. Warner,* 16 Me., 465.) Whenever the consideration of negotiable paper between the original parties

The Rock Island National Bank v. Nelson.

has been illegal, proof of illegaility throws upon the indorsee the burden of proving that he took it *bona fide* and for value. (*Paton v. Cost*, 5 Mich., ·505.) A note given for anything prohibited by statute is void even in the hands of an innocent holder. (*Craig v. Andrews*, 7 Iowa, 17; *David v. Rawson*, 1 G. Greene, 383.)

*Shoemaker & Brown*, for appellee.

The possession of notes by indorsement affords presumptive evidence that they were taken in the usual course of business for a valuable consideration. (*Kelly v. Ford*, 4 Iowa, 140; *Lathrop v. Donaldson*, 22 Id., 234; *Butler v. Byington*, 14 Id., 594; *Sullivan v. Collins*, 18 Id., 228; *Shelton v. Sherfey*, 3 G. Greene, 108.)· No statute should be so construed as to render it nugatory. (Smith's Stat. and Const. Construction, §§ 486–7–8.)

BECK, J.—The defendant established, without any con-flict of evidence, that the notes were given for intoxicating liquors, purchased with the intent to be again sold in viola-tion of the laws of the state, of which the payee had full notice. He also introduced evidence tending to show that the notes were transferred to plaintiff after maturity. There was no intermediate holder of the paper between the payee and plaintiff. The plaintiff introduced evidence tending to establish that the paper had been indorsed to him before maturity. There was no evidence showing that plaintiff had paid a valuable consideration for the notes, and nothing show-ing its want of notice of the infirmities of the paper.

The defendant insists that the judgment was not authorized in the absence of evidence showing that the notes were pur-chased by plaintiff for a valuable consideration, in good faith and without notice of their illegality, and that the burden of proof rested on plaintiff to show these things. Plain-tiff maintains that in order to defeat the notes, the burden rests upon defendant to show that plaintiff is a holder of the paper without having paid a valuable consideration and with notice of the infirmities of the paper. The question is as to

the burden of proof—whether it rests upon plaintiff to support his right to recover by proof of want of notice and payment of consideration, or upon defendant to show notice in plaintiff and the absence of consideration in order to defeat the action.

The rule is well settled that where fraud or illegality in the inception of a note is pleaded as a defense in an action 1. PROMIS- thereon, and supported by evidence, the burden SORY note: fraud; bur- of proof is cast upon the plaintiff to show "that den of proof. he gave value for it and that he is a *bona fide* purchaser before maturity." *Woodward v. Rogers*, 31 Iowa, 342, and authorities cited; *Lane v. Krekle*, 22 Iowa, 399; *Smith v. Sac County*, 11 Wall., 139; *Clapp v. Cedar County*, 3 Iowa, 15.

But plaintiff insists that this rule is not applicable to the case before us, because of the provisions of Code, § 1550. 2. ——: ——: The statute declares that all sales and contracts intoxicating liquors. for the sale of intoxicating liquors, to be used in violation of the law of the state, are void, and no recovery can be had therefor. But it closes with this language: "Nothing, however, in this section shall affect, in any way, negotiable paper in the hands of holders thereof in good faith for a valuable consideration, without notice of any illegality in its inception or transfer, * * * * and all evidence given in actions brought by or against such holders, shall be in no way affected by the provisions of this section."

It is argued that the last clause of this quotation is intended to protect the indorsers of commercial paper given for intoxicating liquors, sold in violation of the laws of this state, and surely such is the intention of the exception. But it as certainly makes no change in the rules of evidence so that the burden is shifted from the party upon whom it would otherwise rest. In the absence of the whole of the provision quoted, a *bona fide* holder could not recover; as the law stands, he may, but he must establish his right under the rules of evidence applicable alike to all cases. The last clause of the quotation in the use of the term "such holders," refers to "holders in good faith, for a valuable consideration, without

notice," etc., mentioned in the first clause, not to holders generally. . The use of the word *such* unmistakably indicates that *holders* of the character named are referred to and no others. Now, as nothing is found in the statute providing upon which party the burden of proof is cast, when issues are formed and tried, involving the question of the *bona fides* of the holder of fraudulent or illegal commercial paper, we must look to the law of evidence for rules upon that subject. When, under these, he is shown to be a *bona fide* holder, for value and without notice, evidence showing the paper to have been given for intoxicating liquors, sold in violation of the law of the state, shall in no manner affect the right to recover thereon. This is the plain meaning of the statute— nothing less, nothing more.

The judgment of the District Court is

REVERSED.