J. D. AND D. H. POTTER, Appellants, v. C. H.
YOUNG *et. al.*

Action by Indorsee: Fraud as a Defense: EVIDENCE TO SUSTAIN
VERDICT. Where the only defense to a note is, that the indorser,
indorsee and payee conspired to obtain it of the maker by fraud, a
verdict for defendants is improper in the absence of proof that either
of said persons participated in the alleged fraud.

*Appeal from Madison District Court.*—HON. A. W.
WILKINSON, Judge.

WEDNESDAY, JANUARY 31, 1894.

THIS action is to recover upon a promissory note
executed February 24, 1890, by the defendants, C. H.
Young, Thomas C. Young, and R. A. Creger, for three
hundred dollars, payable to the order of the Mutual
Trust & Loan Company six months after date. Plain-
tiffs allege that said note was indorsed by said company
to W. P. Potter, and by W. P. Potter to plaintiffs, for
value before maturity, and that the same is still the
property of plaintiffs and unpaid. The defendant C.
H. Young, for himself and his codefendants, answered,
admitting the execution of said note, and that, but for
the defenses set up, there would be due the plaintiffs
the full amount thereof, less credits thereon. Defend-
ant denies every other allegation, and expressly denies
that plaintiffs or said W. P. Potter were innocent pur-
chasers of said note for value before due. It is alleged
as defense that prior to August 24, 1889, said company
was composed of said Potters and others, who fraudu-
lently induced defendants and others to execute and
deliver to said company a promissory note without con-
sideration, dated August 24, 1889, for three hundred
dollars, signed by J. B. W. Westfall, C. H. Young and
C. A. Westfall. That, prior thereto, J. B. W. Westfall

was secretary and business manager of said company. That said company and the members thereof, including said Potters, for the purpose of cheating and defrauding C. H. Young by obtaining his signature to said note without consideration, sent said Westfall to him to make false and fraudulent representations to him in relation to the financial condition of said company and of said Westfall. That, with the consent of said company and the members thereof, including said Potters, and by their direction and authority, said Westfall falsely and fraudulently represented to defendant, as an inducement to sign said note, that he (Westfall) was worth ten thousand dollars; that he was the principal stockholder in, and the business manager of, said company; that said note was to be used for a short time as collateral, and would be soon taken up and canceled, and that defendant would never have anything to pay on said note—all of which was false, and known to the company and its members to be false. That, relying on said representations, defendant signed said note without any consideration therefor. That, without his knowledge or consent, but with the knowledge and consent and direction of said company and its members, including said Potters, said note was altered and changed, after it was signed by defendant, by securing the signature of C. A. Westfall thereto. That the note in suit was executed and delivered in renewal of said former note, and is without consideration and void. That, knowing that said first note was obtained by fraud, was without consideration, and altered as aforesaid, said company, by its secretary and business manager, B. W. Brockway, with the knowledge, consent and authority, and by the direction, of the said Potters, induced the defendant to execute the note in suit in renewal of said other note. That said Brockway, secretary of the company and agent of the Potters, with their knowledge and authority, and by their direction,

made numerous false and fraudulent representations as an inducement to get defendant to execute the note in suit, and agreed that, if defendant would do so, said company would execute and deliver to him shares of its stock to the amount of three hundred dollars, which it has refused to do. That said Brockway represented that said stock was worth par, when in fact it was worthless; and that defendant would not have the note to pay until he realized on the stock to pay it. That, at the time he executed the note in suit, he did not know of the said frauds and alteration as to the said first note. The case was tried to a jury, and a verdict for the defendants, with twenty-nine special findings, returned. Judgment was entered on the verdict. Plaintiffs appeal.—*Reversed.*

*John Leonard & Son* for appellants.

*A. R. Darbey* and *G. W. Seevers* for appellees.

GIVEN, J.—Defendants having admitted liability on the note but for the matters set up as a defense, the burden of proof was upon them. At the close of their evidence plaintiffs moved for a verdict on the grounds that there was no evidence showing, or tending to show, that the payee or either of the indorsees of the note in suit were guilty or cognizant of fraud in the transaction, as alleged by defendants, and that there was no evidence that J. B. W. Westfall was the agent of plaintiffs. This motion was overruled, and of this ruling plaintiffs first complain. It will be observed that defendants not only alleged fraud in the inception of both notes, but also that it was with the consent, and by the direction and authority of the payee and said indorsees, that the alleged frauds were committed. The motion is not based upon the ground that there was no evidence of fraud in the inception of the notes, but upon the ground that there was no evidence that the

payee or said indorsees were guilty of, or participated therein, or that J. B. W. Westfall was agent for plaintiffs. One ground of plaintiff's motion for a new trial was that the verdict and special findings are not supported by, and are contrary to, the evidence and instructions, and were rendered under the influence of passion and prejudice. The overruling of this motion is also assigned as error. As these two assignments involve an examination of the evidence, we consider them together. It will be observed that the defense is not the usual defense of fraud or illegality in the inception of the note, and that plaintiffs purchased after maturity, or with notice of the fraud or illegality. The defense in this case is that the plaintiffs, W. P. Potter, their indorser, and the Mutual Loan & Trust Company, payee, conspired to, and authorized and directed, the commission of the frauds alleged. The case is not different, as to the burden of proof under this defense, than it would be if the action was by the payee, and fraud or illegality was pleaded as a defense. The rule announced in *Bank v. Nelson*, 41 Iowa, 565, does not apply to this defense. This is not a question whether the plaintiffs are bound by the fraud of another in the inception of the note, but whether they were parties to that fraud. In the view we take of the case, it would not be proper to discuss the evidence at length. It is sufficient to say that there is no evidence upon which to claim that either of the plaintiffs or W. P. Potter were parties to, or cognizant of, the alleged frauds, except that they were shareholders in the Mutual Loan & Trust Company, and at times purchased securities from the company. There is no evidence tending to show that said company, or any of its members, other than J. B. W. Westfall and B. W. Brockway, participated in, or knew of, said alleged frauds, except that Westfall was secretary and manager of the company when he procured the first note,

and Brockway was secretary when he procured the note in suit. The first was Westfall's note to the company, and was signed by defendant C. H. Young, as surety for Westfall, who was acting for himself, and not for the company, in giving his note to the company. Brockway took the second note in renewal of the first, without any knowledge, so far as appears, of the alleged frauds of Westfall. A delivery of the first note to Westfall by defendant C. H. Young, after he had signed it, was not a delivery to the company, but to Westfall of his own note. There was no evidence that C. A. Westfall signed it after delivery to the payee. Plaintiffs' motion for a verdict being overruled, they called every member of said company, except one, who was absent, and J. B. W. Westfall, who had left the country. Each of said witnesses, including the plaintiffs and W. P. Potter, denied any knowledge whatever of the alleged frauds, and B. W. Brockway denied having made the representations and promises as charged to have been made by him in taking the note in suit.

From this summary of the evidence it will be seen that defendants not only failed to show that plaintiffs, or W. P. Potter, or the company, participated in the alleged frauds, but that the plaintiffs showed by uncontradicted evidence that they neither authorized nor knew of said frauds. We are unable to discover, from the record, any reason for this verdict, unless it is that the passions and prejudices of the jury against the Loan and Trust Company and plaintiffs were successfully appealed to by the same line of argument that the defendants' counsel addressed to this court. We are told that the Loan & Trust Company, "by implication, officially authorized and directed him (Westfall) to invade the country, and to make false and fraudulent representations to the footsore and unsuspecting grangers, and prey upon the innocent, and procure their signatures to promissory notes, without any considera-

tion, payable directly to the company, while they impatiently, though silently, lurked in the background, with ill concealed anxiety for the results of the fraudulent work of their authorized agent, and only too anxious and willing to satisfy their hunger and thirst for fresh meat and blood by feasting on the innocent lambs which he was authorized and expected to bring to the shambles." ·We discover no warrant for such an implication, nor for that and similar arguments presented in the case. But few of the answers to special finding have any support in the evidence, and the general verdict is contrary to the evidence and instructions. The district court might very properly have sustained plaintiff's motion for a verdict, and surely should have granted a new trial. REVERSED.