THE CLINTON NATIONAL BANK v. GRAVES ET AL.

1. **Instruction:** ERROR WITHOUT PREJUDICE. The refusal to give an instruction asked, even though it correctly presents the law and is pertinent to the issues, will not justify reversal unless it appears that such refusal wrought prejudice to the appellant.

2. **Promissory Note:** WHEN VALID ON ITS FACE. A note executed on Sunday, but dated upon a week day, is valid in the hands of a *bona fide* purchaser for value before maturity.

*Appeal from Story District Court.*

THURSDAY, APRIL 18.

THE plaintiff sues Wm. L. and Augusta M. Graves, as the makers, and Silas Thomas as the indorser of a promissory note for the sum of $175, payable to the order of Silas Thomas. The defendants, Wm. L. and Augusta M. Graves, answered, alleging that the note was executed and delivered on the 27th day of October, 1872, which was Sunday, but by mistake it was dated on and as though it was made on the 26th day of October. These defendants further allege that the note was obtained by fraud and misrepresentation, and that the consideration has entirely failed.

The cause was tried by a jury, and a verdict was returned for plaintiff for $247.04, the amount of the note and interest. The motion for a new trial was overruled, and judgment was entered upon the verdict. Defendants appeal.

*J. L. Dana,* for appellants.

*McCarthy, Stevens & Underwood,* for appellee.

DAY, J.—I. The abstract states that the defendants produced witnesses by whom they offered to prove that said note was, in fact, made on Sunday, and was obtained by fraud, and without consideration, to the introduction of which witnesses the plaintiff objected, on the ground that the proposed testimony was immaterial, which objection was sustained. This ruling was clearly erroneous. But the abstract further shows that, notwithstanding this ruling, the witnesses were introduced, and they testified that the note was made on Sunday, and further testified fully as to the fraud which defendants claim was perpetrated in procuring the note. The error in this ruling was cured by the subsequent action of the parties and the court.

II. The defendant asked the court to instruct as follows:

"1. Where fraud or other illegality in the inception of a note is pleaded in an action, and supported by evidence, the burden of proof is upon the plaintiff to show that he gave value for the note, and that the plaintiff is a *bona fide* purchaser of it, before it became due."

1. INSTRUCTION: error without prejudice.

This instruction contains a proper presentation of the law, and should have been given. *Rock Island National Bank v. Nelson,* 41 Iowa, 563, and cases cited. And yet it appears from the abstract that the defendants could have sustained no prejudice by the refusal to give this instruction. The jury found specially that the note in question was indorsed by Thomas, and transferred to plaintiff before due, and that plaintiff did not have actual notice of the alleged fraud, or want of consideration, at the time it purchased the note. There is no conflict in the evidence that plaintiff gave value for the note, and purchased in good faith. Hence, the refusal to give this instruction is error without prejudice.

III.   The defendants further asked the court to instruct the jury as follows:

"2.   That if the jury find that the said note was in fact made on Sunday, and the jury further find that said note was not indorsed until after it became due to the bank, the jury will return a verdict for defendants."

Without determining as to the correctness of this instruction, it is clear that the refusal to give it worked no prejudice.

The jury found specially that the note was indorsed by S. Thomas, before due.   For the same reason the defendants were not prejudiced by the refusal of the court to give the third and fourth instructions asked.

IV.   The defendants asked the court to instruct as follows:

"5.   That if the said note was made on Sunday, the same was absolutely void, and the plaintiff cannot recover thereon, and the jury will return a verdict for the defendants."

2. PROMISSORY note: when valid on its face.

This instruction was properly refused.   While the evidence shows that the note was in fact made and delivered on Sunday, the 27th day of October, yet it bore date October 26th. On its face it appeared to be valid.   There was nothing in its appearance to suggest its invalidity, or to put a purchaser upon inquiry.   In the hands of a *bona fide* holder for value, before due, such as the plaintiff, by the special findings and the undisputed evidence, is shown to be, it is valid, and may be enforced.   *Cranson v. Goss*, 107 Mass., 439.

V.   The cause was tried at the December Term, 1876. Upon the return of the verdict the defendants filed a motion in arrest of judgment, and for a new trial, assigning, as grounds therefor, the insufficiency of the evidence to support the verdict, and the error of the court in giving and refusing instructions.   This motion the court took under advisement, and did not act upon until the February (1877) Term.

After this motion was taken under advisement, but before it was acted upon by the court, and, as we understand the abstract, at said February term, the defendants filed a sup-

plemental motion in arrest of judgment, and for a new trial. In this motion they claim that the petition fails to state who is the owner of the note, and that the Clinton National Bank had, under the law, no authority to purchase the note. These questions were not at any time presentêd to the court by demurrer, answer, request to instruct, or in any other manner. They were raised for the first time by motion for a new trial filed after the time allowed for filing such motion. Code, § 2838.

These objections come too late to be entitled to consideration.

The record discloses no error.

AFFIRMED.