THE HAWKEYE INS. CO. v. DUFFIE, JUDGE, ETC.

67   175
79   457

67   175
82    99

67   175
86   213

67   175
98   362

67   175
113  273

67   175
115  382

67   175
117  286

67   175
f142  394

1. **Practice**: CHANGING RECORD AT SAME TERM WHEN MADE: NOTICE TO INTERESTED PARTIES NECESSARY TO JURISDICTION: CERTIORARI: CODE, § § 178, 3216. A demurrer to a petition was sustained in the district court, and, the plaintiffs in the cause electing to stand upon their petition, judgment was entered against them for costs. After the record of such proceedings was made, and approved and signed by the judge, and after counsel for defendant in the cause had left the court, but during the term at which the order and judgment were entered, the court permitted the plaintiffs in the action to withdraw their election to stand on their petition, and, without any application therefor having been filed, or any notice thereof to defendant in the action, entered an order setting aside said judgment, and granting the plaintiffs time to file an amendment to their petition. *Held* that the court had no jurisdiction, under § 178 of the Code, thus to change the record in the absence of, and without notice to, the defendant; and that, since the defendant in that cause had no opportunity to except, and thus lay the foundation for an appeal, *certiorari* would lie to correct the error. Code, § 3216.

REED, J., and BECK, CH. J., *dissenting.*

WEDNESDAY, OCTOBER 21.

CERTIORARI. On the twenty-sixth day of May, 1884, plaintiff filed a petition in this court, in which it is alleged that at the September term, 1883, there was pending in the district court of Kossuth county a certain cause wherein P. C. Kincaid and Henry Warder were plaintiffs, and the plaintiff herein was defendant; that the parties to said cause appeared at said term, and the defendant filed a demurrer to the petition theretofore filed by the plaintiffs therein, which the court, after hearing the argument of counsel, sustained; that thereupon the plaintiffs elected to stand on their petition, and announced their intention to so elect to the court, whereupon the court entered judgment against them for the costs which had accrued in the case; that a record of said order and judgment was duly made, and the same was approved and signed by the judge; that after said record was made and signed, and after counsel for the defendant had left the court,

but during the term at which the order and judgment were entered, the court permitted the plaintiffs in said action to withdraw their election to stand on their petition, and, without any motion or other written application therefor having been filed, or any notice thereof having been given to defendant, entered an order setting aside said judgment for costs, and granting the plaintiffs thirty days within which to file an amendment to their petition. And it is alleged that said court, and the judge thereof, exceeded their jurisdiction and acted illegally in setting aside said judgment and granting plaintiffs leave to amend their petition. On the filing of the petition a writ of *certiorari* was allowed by one of the judges of this court, and was issued by the clerk and served on defendant, and, in obedience to the mandate of the writ, defendant has filed a transcript, duly certified, of the entire records and proceedings had in said cause.

*R. W. Barger*, for plaintiff.

*J. C. Raymond* and *Goode, Wishard & Phillips*, for defendant.

SEEVERS, J.—It will be conceded, if the court had jurisdiction of the defendant at the time the order was made setting aside the judgment, that the order cannot be attacked in this proceeding, but that the defendant should have appealed, and thus corrected the error. Code, § 3216; *State v. Roney*, 37 Iowa, 30. It will also be conceded that the court had the power to expunge any record made during the term, provided it had jurisdiction of the parties at the time the change in the record was made. The statute upon this subject is in these words: "The record aforesaid is under the control of the court, and may be amended, or any entry therein expunged, at any time during the term at which it is made, or before it is signed by the judge." Code, § 178. It will be observed that the statute contemplates that the expunging order may be made during the term, or before the record is

signed by the judge. It frequently occurs that the record, or at least a portion of it, is not signed until the succeeding term. Sometimes it is impracticable for the clerk to prepare the record during the term, and therefore it is not signed by the judge during the term. Again, there are terms which contain several weeks or months, and the record is not signed until the close of the term, or at least this may occur. Then there are terms which last only a few days. In these several cases the power of the court to expunge an entry or change the record is precisely the same; therefore the statute must be so constructed as to deny the existence of the power, unless the court has jurisdiction of the defendant at the time the order is made; for it would be manifestly unjust for the court to correct a record made during the term at the succeeding term, which materially affected the interests or rights of a party, unless such party was before the court, or had notice of the proposed correction.

In the case at bar, final judgment had been rendered. Ordinarily, when this has been done, the case is at an end, except that a motion for a new trial may be filed within three days thereafter. While it may be that the court had jurisdiction of the defendant during such period for the purposes of such a motion, the defendant was not bound to anticipate that the plaintiff would withdraw his election to stand on the petition, or that the court would permit him to do so and file an amended petition, and that the court would set aside the final judgment previously entered. The case having been disposed of by the rendition of the final judgment, the court ceased to have jurisdiction over the defendant in the action, and the defendant's attorney was not bound to remain in court, but could well leave as he did. It may be that the order was one that should have been made, and that substantial justice required the court in this instance to do so. But this is not the controlling consideration. The controlling question is one of jurisdiction, and it is evident, if the court did not have jurisdiction of the defendant in the action, that the expunging

order is absolutely void.  As the order was made in the absence of defendant in the action, no exception could be taken, and therefore an appeal would have been ineffectual. It is true, the defendant, when it obtained knowledge of the order, might have moved the court at the succeeding term to set it aside.  But the defendant was not bound to do this if the court did not have jurisdiction to make the order at the time it did so.  Besides this, orders of a similar character might be made under like circumstances, of which a party might not obtain knowledge in time to remedy the wrong done, by motion or appeal.  It is evident that the character or kind of order made cannot be a controlling consideration.  In our opinion the expunging order must be set aside, and regarded as never having been made.

REVERSED.

REED, J., *dissenting*—In my opinion the most that can be said is that the court erred in permitting the plaintiffs to withdraw their election to stand on their petition, and in setting aside the judgment against them for costs, and permitting them to file an amended petition.  Under section 178 of the Code, quoted in the majority opinion, the court has the power at any time during the term at which it is made, or before it is signed by the judge, to amend the record, or expunge any entry therein.  It necessarily retains jurisdiction of the cause and the parties while this power continues. If the court had been convinced during the term that its ruling on the demurrer was wrong, it had the power, under this provision, to set aside the judgment for costs and the order sustaining the demurrer, and enter an order overruling it.  It is held in *Brace v. Grady*, 36 Iowa, 352, that the court has power during the term, under this provision, to change an order already made and recorded, when convinced that it was erroneously made.  A party has no remedy by *certiorari* against an erroneous order or decision made while the court has jurisdiction of the cause and the

parties. I think, therefore, that this proceeding should be dismissed.

BECK, CH. J., concurs in this dissent.