[No. 133. Decided June 15, 1891.]

SANDER-BOMAN REAL ESTATE COMPANY V. ESTATE OF SARAH B. YESLER, *Deceased,* J. D. LOWMAN, *Administrator Thereof,* AND LUCINDA HOCHSTETTLER, *Petitioner.*

SPECIFIC PERFORMANCE — DECEDENT'S CONTRACT TO CONVEY — PRACTICE — NOTICE — JUDGMENT — APPEALS.

An order vacating a decree on petition of a party who had been served with process in the proceeding by publication only, and allowing her to appear and defend the action, is not an appealable order under Laws 1889-90, p. 336, amending § 1 of the act passed

March 22, 1890, relating to removal of causes from the superior to the supreme court.

In a proceeding, under chapter 52, Code 1881, to enforce the specific performance of a contract to convey real estate made by a decedent, a notice by publication to the administrator of the estate, "and all persons having an interest in said estate," is sufficient without being directed to "all persons interested as creditors, heirs, devisees or personal representatives" thereof.

In such a proceeding, where the administrator was not served with copies of the petition and notice, and there was no adjournment of the hearing, the court was without jurisdiction at a later date to entertain the petition, or to re-open the case to allow a party served by publication only to appear and defend.

A decree in such a proceeding ordering the administrator to execute a deed forthwith, and, in default thereof within ten days, decreeing that a commissioner shall execute same, is erroneous, as, under § 630, Code 1881, a conveyance is not to be made until after the time for an appeal shall have elapsed.

### *Appeal from Superior Court, King County.*

Action by the Sander-Boman Real Estate Company against the estate of Sarah B. Yesler, and others, for the specific performance of a contract by decedent to convey real estate. There was a decree directing the conveyance. Subsequently the decree was set aside on petition of Lucinda Hochstettler, one of the heirs of Sarah B. Yesler, and permission granted her to appear and defend. Plaintiff appeals from this order.

*Junius Rochester,* for appellant.

*Greene & Turner,* for appellees.

The opinion of the court was delivered by

STILES, J. — The appellant in this case filed its petition in the district court of King county in 1889, under chapter 52 of the code, claiming that its assignor had received from Sarah B. Yesler, deceased, a contract for the conveyance of certain lands in the city of Seattle. The petition was filed on the 2d day of May, and on the same day

the judge of the district court made an order setting June 24th as the time for hearing, and directing notice of the pendency of the proceeding to be published in a weekly newspaper. No copy of the petition or notice appears to have been served upon the administrator, but upon the 31st day of May a summons was issued by the clerk of the court in the ordinary form of summons in actions at law or in equity, a copy of which was served upon the administrator by the sheriff of King county on the 3d day of June. On the 24th day of June the administrator appeared by his attorney, and filed his demurrer to the petition, on the ground that it did not state facts sufficient to constitute a cause of action. No further proceedings were taken in the matter at that time, nor does there appear to have been any adjournment of the hearing on the petition. On the 25th day of January, 1890, however, the superior court overruled the demurrer, and allowed the respondent five days in which to answer; and on February 14th the administrator by his counsel consented that his default might be entered, and that judgment be taken in accordance with the prayer of the petition. On the 3d day of March thereafter proof of publication of the notice ordered to be published was filed, the substance of which is as follows:

" Notice. In the district court of the third judicial district holding terms at Seattle, in and for King county. [Title of cause.] To J. D. Lowman, administrator of the estate of Sarah B. Yesler, deceased, and all parties having an interest in said estate: You, and each of you, will please take notice that whereas, the Sander-Boman Real Estate Company, petitioner and plaintiff herein, heretofore filed and presented its certain petition, praying, among other things, for an order of the court for the conveyance to it of the following described real estate in King county, to wit: [Description.] Now, therefore, you are notified, pursuant to an order of court heretofore entered herein on the 2d day of May, 1889, that Monday, the 24th day of June, 1889, being a day of the regular term of said district

court, at 11 o'clock A. M., at the court-room in the court-house in the city of Seattle, said petition will be heard when and where all parties interested as creditors, devisees, or personal representatives of Sarah B. Yesler may appear and show cause, if any they have or can show, why the prayer of said petitioner shall not be granted.   [Attested by the clerk.]"

On the same day a decree was entered directing the administrator to forthwith execute a deed to the petitioner for the real estate described, and it was further ordered that, if the administrator should fail to execute such deed within ten days after the date of the judgment, a commissioner, who was named, should execute such deed in his place. Subsequently, and on the 26th day of August, 1890, Lucinda Hochstettler, the appellee in this court, who was one of the heirs at law of the deceased, Mrs. Yesler, filed in the superior court of King county a petition showing that she had not been served with process in said proceeding in any other way than by publication; and upon a proposed answer, filed at the same time, asked to be allowed to appear in said action and defend the same upon terms.   The court thereupon granted the petition, set aside the judgment and allowed the petitioner to appear and defend the action. This appeal was taken from the order last mentioned, and although the point was not raised by the appellee on the hearing in this court, the question whether or not this was an order such as was appealable goes directly to our jurisdiction, and we must notice it as a preliminary to the further consideration of the case.

The appellant seems to have proceeded upon the assumption that such an appeal was justified by § 1 of the act of 1890 (page 333), wherein it is provided that an appeal can be taken to this court "from a final order made in special proceedings, affecting a substantial right therein, or made on a summary application in an action after judgment, or from an order granting a new trial."   Probably,

had § 1 been permitted to stand as the law of the state be-
yond the end of the session of the legislature which passed
it, the proposition that this case is covered by it, and that
the order was therefore appealable, would be well taken,
inasmuch as the order setting aside this judgment was in
the nature, at least, of one granting a new trial. Unfortu-
nately, on the 27th day of March, 1890, the same legislature
passed another act, which is found upon page 336 of the
session laws, in which § 1 of the act of March 22d was
entirely repealed. The views of this court upon the subject
of appeals in this respect are set forth in the case of *Windt
v. Banniza, ante*, p. 147. We are constrained to hold,
therefore, that this court has no jurisdiction to hear this
cause in its present condition.

However, as both parties appear to have submitted their
controversy, it will, perhaps, save further expense and loss
of time in this matter if we indicate in this opinion the
position in which the facts shown seem to place the case.
The principal contention of the appellant is, that the order
of the court setting aside the former judgment, and allow-
ing one of the heirs of Mrs. Yesler to appear and defend,
was erroneous, in that § 67 of the code, under which the
petition was filed, has no reference to such proceedings as
were taken by the original petitioner, but claims that the
provisions of § 67 apply only to ordinary actions at law or
equity. With this view we are inclined to agree, inasmuch
as chapter 52 is really a species of proceedings ancillary to
the administration of estates in the probate court. In fact,
the action therein provided to be taken in the district court
is almost universally, in other states, confined to the court
having general probate jurisdiction. Pomeroy on Specific
Performance, § 497, and note. For some reason or other,
the cogency of which is not entirely apparent, our legisla-
ture saw fit to impose the duty of passing upon questions
of this kind, in the first instance, upon the district court

434 SANDER-BOMAN CO. v. YESLER'S ESTATE.

Opinion of the Court—STILES, J.          [2 Wash.

instead of the probate court, but, although it changed the forum in which the cause was to be heard, we see no indication that there was any intention to change the usual mode of procedure in the probate court, and we should therefore be inclined to hold that the action of the court in setting aside the judgment and allowing the petitioner to defend was unwarranted by statute. On the other hand, however, this proceeding being in the nature of a special probate proceeding, was hedged about with all the rules applying to analogous proceedings in a probate court. It was necessary, therefore, for the district court, both in acquiring jurisdiction and in any final judgment entered by it, to follow the statute strictly.

The appellee contends that the notice as published was not sufficient, in that it was not directed to the creditors, heirs, devisees or personal representatives of Mrs. Yesler, who are authorized by § 625 to appear and resist the petition, but only to the personal representatives, "and all persons having an interest in said estate." ˙ This point seems hardly to be well taken. The notice contended for would not be required in usual probate proceedings, and we think it was unnecessary here.

The next point appellee makes, however, as well as the one which follows it, seem to us to have been defects fatal to the jurisdiction of the court. In the *first* place, no copy of the petition or notice appears to have been served upon the administrator at any time. True, a summons was served upon him, but that did not take the place of the service required by the statute. *Secondly,* the hearing was set for June 24th, and the statute requires that such hearing shall be had upon the day fixed by the court, or at such other time as the same may be adjourned to. No adjournment was made, and no further proceedings were taken for more than six months thereafter, and when the judgment was rendered the court therefore had lost all jurisdiction of the

matter. This position of the case would seem to have left the court without power either to enter the judgment on the 5th day of March, 1890, or later to entertain a petition on the part of Mrs. Hochstettler to be allowed to appear and defend; for certainly, if the court could not enter a judgment, then neither could it subsequently re-open the case, hear it again, and enter another judgment.

The judgment seems to be erroneous, in this: The statute provides that the court may decree a conveyance, but the plain intention of it is that the conveyance is not to be made until after the time for an appeal (six months) shall have elapsed. In the mean time the party entitled to the decree is to be permitted to have possession of the real estate, but the deed is not due until the time for appeal has expired. In this case the deed was ordered forthwith, and, in default of its execution within ten days by the administrator, the commissioner was required to execute it at once. No practice of this kind is provided for.

The appeal must be dismissed, and it is so ordered.

ANDERS, C. J., and DUNBAR and HOYT, JJ., concur.

SCOTT, J., concurs in the result.