BOTTINEAU LAND & LOAN COMPANY, Appellant, v.
HENRY HINTZE, Appellee.

New trial: POWER OF COURT: DIRECTED VERDICT. The court has power to
correct its own mistakes while the parties and subject matter of the
controversy are still within its jurisdiction; and this power includes
authority to grant a new trial after a directed verdict of the jury
has been received.

Same: REVIEW OF ORDER ON APPEAL. The appellate court is bound to
affirm an order granting a new trial where it has reasonable support
in the record, and to that end it will give the evidence the
most favorable construction of which it is reasonably susceptible.
The evidence in this action is held to warrant the granting of a
new trial.

*Appeal from Scott District Court.*—HON. A. J. HOUSE,
Judge.

MONDAY, APRIL 11, 1910.

ACTION at law on a promissory note. After both parties had offered their evidence and rested plaintiff moved for a directed verdict on the ground that there was a failure of proof of the matters pleaded in defense to the note. This motion was sustained, and a directed verdict returned for plaintiff for the amount of its demand. Thereafter and within three days defendant filed a motion for a new trial, assigning as reasons therefor errors of the court in holding there was no evidence to sustain the defense pleaded, as well as in numerous other rulings with reference to the pleadings and the admission and rejection of evidence. The trial court, after due consideratino, sustained the motion, set aside the verdict, and ordered a new trial, accompanying the ruling by a written

statement that some of the material evidence had escaped its attention until the same had been transcribed after the verdict was returned, and that, upon a reexamination of the testimony, it was of the opinion that the issues should have been submitted to the jury. From this ruling, the plaintiff appeals.—*Affirmed.*

*Salinger, Scott & Theophilus,* for appellant.

*Ruymann & Ruymann* and *W. M. Chamberlin,* for appellee.

WEAVER, J.—The answer pleads, among other things, that the note in suit is supported by no sufficient consideration; that it was obtained by fraud and misrepresentation; that the contract which was only in part evidenced by the note has been rescinded by the defendant; and that at the time said note was made defendant was by reason of sickness and the excessive use of intoxicating liquors mentally incompetent to transact business, and that plaintiff and its agents, knowing his condition, took fraudulent advantage of the same to procure, and did thereby obtain, the making of said note. The plaintiff in reply denied all the affirmative matter set up in the answer.

I.   Counsel for plaintiff make the point that a motion for a new trial will not lie after a directed verdict of the jury has been received, and that to sustain such a motion is reversible error, even though the order directing the verdict was erroneously made. A "new trial" is defined by Code, section 3755, to be a reexamination in the same court of an issue of fact or some part or portion thereof after a verdict by the jury, report of referee, or a decision of the court. The objection raised by the appellant seems to be grounded in the thought that a directed verdict is not a "verdict of a jury" within the meaning of this statute, and that "deci-

1. NEW TRIAL: power of court: directed verdict.

sions by the court" which may be questioned in motions
for a new trial include only such as are made by a court
in the trial of issues without a jury.    In other words
it is argued that an error in directing a verdict can be cor-
rected only upon appeal.    ·We think this contention requires
an altogether too narrow construction of the statute, and
that the establishment of such a rule would tend to prolong
litigation, and increase its hazard and uncertainty.    There
is nothing inhering in our system of procedure and prac-
tice which forbids the exercise by a trial court of power
to correct its own error where the mistake is discovered
and the correction made at the same term, and while the
parties and the subject matter of controversy are still
within its jurisdiction.    *Chapman v. Allen,* Morris, 23;
*Railroad Co. v. Estes,* 71 Iowa, 605; *Brace v. Grady,*
36 Iowa, 352.    The statute provides for new trials after
a verdict by a jury.    It does not attempt to classify ver-
dicts or draw any distinction between those returned by
direction of the court and those which are not. and we
see nothing in the nature of the case to compel the court
to ingraft such an exception upon the rule as laid down
by the Legislature.    When the court submits an issue to
a jury with erroneous instructions that as a matter of
law plaintiff has failed to make a case or that defendant
has failed to sustain his defense, thereby compelling a
particular verdict, no good reason exists why that error
may not be taken advantage of on motion for a new trial
precisely the same as if the verdict had been actually or
presumably affected by the erroneous exclusion of material
evidence properly offered on the trial.    The cases cited by
appellant might be considered in point were we to recognize
the distinction which counsel draw between verdicts gener-
ally and directed verdicts, but this we can not do, and we
need not stop to consider what would be the proper practice
in the absence of statutory regulation.    It has frequently
been held that power to grant new trials is inherent in

the court, and that statutes such as ours do not abrogate or limit judicial authority in that respect. See cases collected in 29 Cyc. 722. Were it necessary to look beyond the provisions of our own statute and consult precedents from other states, they appear to be in substantial accord with the conclusion here announced. Bearing in that direction, see *Railroad Co. v. Goodrich,* 38 Kan. 224 (16 Pac. 439); *Chambers v. Grantzon,* 7 Bosw. (N. Y.) 414; *Hinote v. Simpson,* 17 Fla. 444; 29 Cyc. 752.

II. Holding as we do that a motion for a new trial may be predicated upon the error of the trial court in directing a verdict; but one question is left for our consideration: Is there such an entire failure of proof in support of the defense that we should reverse the order of the trial court granting a new trial? It is among the most familiar rules that upon such questions we are bound to affirm an order for new trial, whenever it has any reasonable support in the record, and to that end will give the evidence the most favorable construction of which it is reasonably susceptible in support of the ruling assailed. Observing this rule, we can not properly interfere with the order in this case. We shall not attempt to set out the evidence on part of the plaintiff and defendant or enter upon any consideration of the credibility of the witnesses, or the weight of their testimony. It is enough to say that, if defendant is to be believed, he had been for several days traveling with a land hunting expedition to North Dakota with only irregular sleep, and much of his time without food, but indulging freely in beer and whisky. The plaintiff company sought to sell him and others lands which its agents pointed out, but defendant insisted that he would not buy until he returned home and consulted his wife. On the return journey, an agent for the plaintiff traveled some distance with the defendant's party, and during this part of the trip it is claimed that a contract was entered

*2. SAME: review of order on appeal.*

into between the agent and defendant for the sale to the latter of a tract of land. The paper (including the note in suit) was made on the train. Defendant does not deny his signature, but swears, in effect, that he was in such condition of sickness and intoxication that he was not conscious of the nature of the transaction, and has no recollection whatever of having made the note. Giving his story its strongest and most favorable construction, we are not prepared to say as a matter of law that a verdict in his favor upon the question of his mental competency to enter into a binding contract would be without sufficient support. It is true there are many circumstances and some direct evidence tending strongly to contradict his version of the facts, but the determination of the conflict thus raised is involved, and is not so free from doubt as to justify a conclusion that the trial court abused its discretion in ordering a new trial.

Many other questions have been argued by counsel, most of them going to the merits of the principal controversy, but we think we are not called upon to consider or decide them in determining whether the lower court abused its discretion in granting a new trial.

There was no reversible error in setting aside the directed verdict, and the order appealed from is *affirmed*.