W. T. TRAINER, Appellee, v. KOSSUTH COUNTY, Appellee; R. B. Orr et al., Appellants.

**TRIAL:**  Sealed Verdict—"Rendition of Verdict" Defined.   The return by the jury, under stipulation, of a sealed verdict does not constitute the "rendition of a verdict" until such verdict is *actually opened and made of record.*  So held where the verdict was not opened for some 20 days after being handed to the bailiff.

**NEW TRIAL:**  Belated Motion—Estoppel.   An appellee who has consented in the trial court to an order extending the statutory time for filing a motion for a new trial is thereby estopped to assert on

appeal that the court was wholly without authority to enter said order.

**NEW TRIAL:** Joint Motion—Effect. It is not true that a *joint* motion for a new trial must fall unless all the parties to the motion are entitled to a new trial.

**APPEAL AND ERROR:** Notice—Omission of Name of Dismissed Party. A notice of appeal is not insufficient because it omits the name of a dismissed party.

**APPEAL AND ERROR:** Notice—Identification of Order Appealed from. A notice of appeal is sufficient which identifies the order appealed from as the decision of a *named judge*, but by proper recitals shows that such decision became the order of the *court*.

**BONDS:** Statutory Bonds—Surplusage. Principle reaffirmed that the provisions of a statutory bond are nugatory when such provisions are in addition to the requirements of the statute.

Headnote 1. 38 Cyc. pp. 1905, 1906. Headnote 2. 4 C. J. p. 717. Headnote 3. 29 Cyc. p. 925. Headnote 4. 3 C. J. p. 1227. Headnote 5. 3 C. J. p. 1226. Headnote 6. 9 C. J. p. 26.

*Appeal from Kossuth District Court.*—NELS J. LEE, Judge.

DECEMBER 11, 1924.

APPEAL from an order overruling a motion for a new trial, the plaintiff having recovered verdict and judgment against the defendants Orr and the Iowa Bonding & Casualty Company, who are here as appellants. The judgment was for damages for personal injury sustained by plaintiff as the result of the alleged negligence of defendant Orr & Company, a contractor, which was constructing a culvert upon the highway in Kossuth County. The other defendant was surety on the contractor's bond.—*Affirmed on appeal of Orr & Company; reversed on appeal of Iowa Bonding & Casualty Company.*

*Miller, Kelly, Shuttleworth & McManus, Ramsay & Blackstone,* and *Harrington & Dickinson,* for appellants.

*Sullivan, McMahon & Linnan* and *Kelleher & Mitchell,* for appellee.

EVANS, J.—I.   Before trial in the district court, the plaintiff dismissed his action against Kossuth County, and it thereby ceased to be a defendant, although its name has been carried in the title throughout the record.

We are confronted first by a motion by appellee to dismiss the appeal, on various grounds.   One of such grounds is that the appeal was taken from the order overruling a motion for a new trial; that such motion was not filed within five days after the verdict; that no appeal was or could be taken from the judgment, because such judgment had been entered more than six months prior to the taking of the appeal.

1. TRIAL: sealed verdict: "rendition of verdict" defined.

The case was submitted on November 29, 1922.   At the time of its submission to the jury, the following record was made:

"Parties agree in open court that the jury may seal their verdict and hand the same to bailiff and may then separate."

At a later hour of the same day, the jury sealed its verdict and separated.   The clerk entered upon the appearance docket the following entry:   "November 29, 1922, verdict filed."   On November 30th, the only record of the court was an order of adjournment until December 5th.   Likewise, on that day, there was another order of adjournment until December 7th; and on the later day, another order of adjournment until December 18, 1922.   Some, at least, of these orders of adjournment were made by the judge by long-distance telephone.   It does not appear that any business was transacted in the court on either of the dates mentioned.   The custodian of the verdict during the intervening time is not disclosed, otherwise than as it may be implied. The fact that the agreement of the parties was that the sealed verdict might be handed to the bailiff would permit the implication that the bailiff continued to be the custodian of the same. The fact that the quoted entry was made upon the appearance docket would permit an implication that the sealed verdict had come into the hands of the clerk.   Which implication is the stronger, we shall have no occasion to decide.   The sealed verdict was opened in open court on December 18th, and the following proceedings were had:

"And also on this 18th day of December, 1922, there is

entered judgment upon verdict of jury for nine thousand six hundred and seventy-five dollars ($9,675.00) and costs of this action. By agreement of parties, motion of defendants for new trial shall be submitted and determined in vacation as of term time. Now, to wit, on this 18th day of December, 1922, it being the eleventh day of the regular November, 1922, term of the district court in and for Kossuth County, Iowa, this cause is reached for hearing by the court upon the regular call of the calendar. Thereupon, all parties consenting, defendants have until January 1, 1923, to file motion for new trial, to file exceptions to instructions of court and to set aside verdict.''

The defendants filed their motion for a new trial on December 30, 1922. This was taken under advisement, and an order overruling the same was entered on July 23, 1923. The appeal was perfected on August 7, 1923.

In support of his motion to dismiss, the appellee contends that the verdict was rendered, within the meaning of the statute, on November 29th; that the defendants, therefore, were bound to file their motion for a new trial within the statutory time of five days; that the court had no power or jurisdiction to extend such time after its expiration. On the other hand, the appellants contend that the verdict was not rendered, within the meaning and spirit of the statute, until the sealed verdict was opened and entered of record, on December 18th. The decisive question, therefore, at this point is, upon what date was the verdict rendered? Concededly, the defendants were required, under Section 3756, Code of 1897, as amended by Section 2, Chapter 11, Acts of the Thirty-eighth General Assembly (Section 11551, Code of 1924), to file their motion for a new trial within five days after such date, unless, prior to the expiration of such period, an extension of time was ordered by the court. The appellee relies upon Section 3724, Code of 1897 (Section 11510, Code of 1924), which provides as follows:

''When by consent of the parties and the court the jury have been permitted to seal their verdict and separate before it is rendered, such sealing is equivalent to a rendition and a recording thereof in open court, nor shall such jury be polled or permitted to disagree thereto, unless such course has been

agreed upon between the parties in open court and entered on the record.''

It is to be conceded that the literal terms of the foregoing statute tend to sustain the contention of the appellee. If the verdict had, in fact, been recorded on November 29th, then the statutory limitation of five days would start upon such date. Did such period run, upon the sealing of the verdict alone, and without regard to the actual opening of the seal or the recording of the verdict? A fatal objection to the literal construction of this statute contended for by the appellee, is the absurdity of the result. By agreement of the parties, this verdict was sealed by the jury and placed in the hands of the bailiff. No one save the court had authority to receive this verdict from the bailiff or to open the seal. Such was the existing condition until ·December 18th. Under the theory of appellee, there was never a moment of time prior to December 18th when either party could have filed or presented a motion for a new trial, because no one knew, or could properly know, what the verdict was. The first adjournment was to December 5th. If the verdict had been opened on that date, it would have been already too late to file a motion for a new trial. Such absurdity of result calls for scrutiny of the statute. *Ad absurdum* is a ''Stop'' sign, in the judicial interpretation of statutes. It is indicative of fallacy somewhere, either in the point of view or in the line of approach. In such case, it becomes the duty of the court to seek a different construction, and to presume always that absurdity was not the legislative intent. To this end, it will limit the application of literal terms of the statute, and, if necessary, will even engraft an exception thereon. *State v. Gish,* 168 Iowa 70 (pages 78 and 79); *Holdorf v. Holdorf,* 188 Iowa 1193 (pages 1198, 1199); *State v. O'Neil,* 147 Iowa 513, 533; *Church of Holy Trinity v. United States,* 143 . U. S. 457; *Jackson v. Collins,* 3 Cow. (N. Y.) 89; *Town of Ryegate v. Town of Wardsboro,* 30 Vt. 746; *Murray v. Hobson,* 10 Colo. 66 (13 Pac. 921); *Commonwealth v. Kimball,* 24 Pick. (Mass.) 366; ·*Whitney v. Whitney,* 14 Mass. 88; *Pierce v. Emery,* 32 N. H. 484, 508; and *Austin v. State,* 22 Ind. App. 221 (53 N. E. 481).

Looking at this statute in the light of its purpose and of its relation to other statutes on the same subject, we find little

trouble in construing it without confronting absurdity in result. The manifest objective of this section is indicated in the last clause thereof:

"Nor shall such jury be. polled or permitted to disagree thereto, unless such course has been 'agreed upon between the parties in open court and entered on the record."

The purport of such provision is to say that a sealed verdict becomes unchangeable and irrevocable by the jury after separation. This is the significance of the use of the word "equivalent." The sealing of the verdict is declared to be the "equivalent" of the rendering and recording thereof, in carrying into effect the purpose of this section. The scope of the "equivalent" is no broader than the purpose of the section. The "sealing" is not a *substitute* for the rendering, receiving, or recording of the verdict. A verdict, though sealed, must still be rendered, received, and recorded in fact. The duty of the court with reference to these stages of the procedure, under other sections of the Code, is not affected by this provision. Otherwise, there would be no provision for recording the verdict at all. These later stages of procedure are necessarily controlled by other sections of the statute. They are consistent with the seal and the irrevocability of the sealed verdict. If a sealed verdict be not subsequently rendered, received, and recorded, then there is no way provided for putting it into effect. These latter three stages are, in statutory contemplation, simultaneous. They are parts of the same thing. The ultimate evidence of the identity, verity, and contents of the verdict is the *record* thereof. Until the verdict is recorded, there is no final evidence of the rendering or receiving, or of any other stage of the procedure. The notation made upon the appearance docket, "verdict filed," served no function, and responded to no statutory provision. It was, therefore, quite nugatory. The duty of the clerk in the premises is to *record* the verdict; and such duty devolves when the verdict is received and opened, and not before. This construction renders Section 3724 harmonious in its provision with all the other sections of the Code on the same subject.

II. There is a further conclusive reason why the motion of the appellee cannot prevail. An appellee has an open field, on appeal to this court, to justify all rulings of the lower court

2. NEW TRIAL:
  belated motion:
  estoppel.

which are urged by the appellant here, as grounds of reversal. But by his motion to dismiss, the appellee is himself assailing an order by the lower court. Not only this, but he is assailing an order that was made with his express consent, entered of record in the court below. If he had himself appealed from such order, he would be here without a basis of objection or exception entered below. In order to sustain the motion, we should have to hold that the lower court was wholly without jurisdiction, on the 18th of December, to enter the order allowing time to a defendant to file a motion for a new trial. And such is appellee's contention. There was no lack of jurisdiction in the trial court. Its jurisdiction, both of the parties and of the subject-matter, was complete; and this is no less so even though the court erred in entering the order allowing time. If the court had no jurisdiction over the parties and the subject-matter, to make even an erroneous order allowing time to the defendants, then, for the same reason, he could have no jurisdiction to receive the verdict, or to open it, or to enter it of record, or to order judgment thereon. The trial court treated the verdict as rendered and recorded on December 18th. If this was erroneous, it was no less valid on that account. It is subject to review here, only upon proper exception and appeal. If the court had refused time, or if it had later dismissed the motion because filed out of time, then, upon the appeal of the defendants, the contention of the appellee would be properly defensive, as tending to sustain the action of the trial court.

But the order was not even erroneous, if for no other reason than that the plaintiff expressly consented to it at that time. If the statutory time should be deemed to have run prior to December 18th, the plaintiff had a right to object to any order granting time. He had equal power to *waive* his right and to consent to the order. If he had objected to it successfully, the defendants still had their right of appeal from the judgment. The appellee was not without interest in having the record reviewed by the trial court before the taking of an appeal. If manifest error were found, it might become to the interest of the appellee to consent to a new trial, rather than to await the slow process of appeal and the probable cost thereof. Having

consented to the order and conformed to it, and having seen the
defendants lose their right of appeal from the judgment, while
waiting for a belated ruling on their motion for a new trial,
the appellee now seeks to repudiate his consent, after gathering
fruit therefrom. Estoppels are often sustained upon less per-
suasive circumstances. The time for objection was *then,* and not
now; and the place therefor was *there,* and not here. Having
consented then and there, he is in no position now to object
here.

III. The appellee urges, as further ground of abatement
of the appeal, that the motion for a new trial was filed jointly
by the two defendants, the contractor and the bondsman; that,

3. NEW TRIAL:
joint motion:
effect.

therefore, if such motion was properly denied as
to *either* of them, it was properly denied as to
*both* of them. That is to say, the contention is
that, where the defendants join in one motion, it is not enough
that either show himself entitled to a new trial, but it must be
made to appear that both are so entitled. If one be not entitled,
then the other must fall with him. Authorities are cited, sus-
taining this proposition, from several jurisdictions. On the
other hand, appellants cite authorities from other jurisdictions
where such rule has been rejected. *Boehmen v. Big Rock Irr.
Dist.,* 117 Cal. 19; *Equitable Mtg. Co. v. Gray,* 68 Kan. 100;
*Sander-Boman Co. v. Estate of Yesler,* 2 Wash. 429.

The rule thus contended for by the appellee impresses us
as artificial, technical, and harsh, and not in accord with the
spirit of our statutes of procedure. An examination of the
authorities pro and con satisfies us that we should align our-
selves with those which declare against such rule.

IV. Another contention in abatement of the appeal is that
the notice of appeal did not identify the case in which the ap-
peal was taken, or that such notice adopted a title that was a

4. APPEAL AND
ERROR: notice:
omission of
name of dis-
missed party.

departure from the title contained in the peti-
tion in the lower court. In support of this con-
tention, Section 3631, Code of 1897, is relied on.
It is provided therein that:

"The title of the cause shall not be changed in any of its
stages of transit from one court to another."

The title of the case, as it appeared in the petition, con-

tained the name of Kossuth County, as the first named defendant. The name of such defendant did not appear in the notice of appeal. It appears also from the record that, before the trial of the case, the plaintiff dismissed as to Kossuth County, and that Kossuth County thereby ceased to be a party defendant. There is, in fact, no disputed question of identity. The case carried a docket number in the district court, and this number appeared upon the notice of appeal. The notice of the appeal named all the actual defendants then in the case. We think that no violation of Section 3631 was involved. Titles of cases often appear in a more or less varied form, where numerous parties are involved. Section 3631 has no reference to variations of order of names of coparties. The practice that obtains in some states is to entitle a case anew in the appellate court, and to name the appellant as a plaintiff in error, and the appellee as respondent, or defendant in error. Thus, if the defendant below becomes the appellant, he appears as plaintiff in the appellate court. Needless to say that this reversal of names tends to confusion. The purpose of Section 3631 is to abolish such practice, so that the plaintiff in the lower court appears as plaintiff above, and vice versa. After the dismissal of the action as against Kossuth County, it would have been proper for the parties to have entitled all subsequent pleadings in accord with the name of the then actual defendants.

Mistakes occur in the titles of cases in this court not infrequently. They are always subject to correction, upon the motion or request of either party. We have seldom, if ever, encountered a motion to dismiss the appeal on account thereof. The quoted section is clearly directory, and noncompliance therewith cannot be deemed fatal to our jurisdiction. The point is not well taken.

V.  A further ground of abatement urged, is that the notice of appeal described the order appealed from as "the decision of Hon. N. J. Lee, judge of said court, entered of record in said court on July 23, 1923, overruling defendants' motion for a new trial." The point made is that the only appealable order was such as was entered by the *court*, and that no appeal would lie from a decision by N. J. Lee; that the order overrul-

5. APPEAL AND
ERROR: notice:
identification of
order appealed
from.

ing a motion for new trial was made by the court; and that N. J. Lee, judge, had no power to make the same.

It appears that the trial judge was Hon. N. J. Lee; that he presided at the trial and at the hearing for a motion for a new trial; that he took a submission thereof; and that the parties entered into agreement of record, that it should be decided in vacation. It was decided in vacation by the same judge. The decision was "entered of record," as stated in the notice of appeal. A decision on such motion by N. J. Lee, judge, in vacation, duly entered of record, became thereby the order of the court. The detailed facts which made it the order of the court appear in the recitals of the notice. The notice purported to appeal, not only from this particular order, but also "from all other rulings and decisions of said court adverse to the defendants, made by the court during the progress of the trial of said case."

The statutory requirements of notice of appeal to this court are very brief. The notice before us exceeded, in its details, the requirements of the statute. The objection to it is not well taken.

VI. The foregoing grounds of abatement and dismissal of appeal which we have considered, have taken on a rather unusual importance because, upon the record before us, the judgment obtained by the appellee in the lower court cannot be sustained here. The plaintiff recovered judgment against Orr & Company as contractors, and against the other defendant as its surety, on the ground of the negligence of the contractor in certain highway construction. Only the Iowa Bonding & Casualty Company has filed an argument here. The surety bond given by it was a statutory bond. The case on its merits is ruled in all respects by *Schisel v. Marvill*, 198 Iowa 725. The question involved is fully discussed in the cited case, and we need not repeat the discussion here. In obedience to the holding in that case, the judgment below must be reversed on the appeal of the surety defendant.

6. BONDS: statutory bonds: surplusage.

The only argument presented here for the other defendant is a purported adoption of the argument of its codefendant, the Iowa Bonding & Casualty Company. The argument of the

bonding company has not addressed itself to any alleged error which would affect the right of Orr & Company. On the contrary, it has confined itself to those questions pertaining to its right to have its liability measured by the terms of the statute. No alleged error, therefore, is presented to us as a ground of reversal in behalf of the other defendant. The judgment below will, accordingly, be reversed as against the Iowa Bonding & Casualty Company, and affirmed as against Orr & Company.— *Reversed on the appeal of the Iowa Bonding & Casualty Company; affirmed on the appeal of Orr & Company.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.