M. A. SELBY et al., Appellees, v. FINLAY McDONALD, Appellant.

No. 42124.

MARCH 12, 1935.

Clark, Byers, Hutchinson & Garber and P. M. Hutchinson, for M. A. Selby and Valley Nat. Bank.

Guy A. Miller and Denmar Miller, for H. Armstrong.

Charles E. Hunn and Hiram Hunn, for Finlay McDonald.

HAMILTON, J.—This case has its beginnings in the dim mists of the past, and comes like an echo from the tomb of King Tut. The interested parties proceeded with their case until a verdict was reached, and then, like Rip Van Winkle, seem to have fallen asleep and fifteen years later appear again upon the scene of combat.

On March 20, 1908, one Finlay McDonald, defendant herein, executed a promissory note in the sum of $2,000, payable on or before March 20, 1910, to M. A. Selby or order. The note was secured by a mortgage upon land in the state of Kansas. Suit was brought on this note April 22, 1910, in the district court of Iowa, in and for Polk county, being cause Law No. 42—19298. The parties spent considerable time in making up the issues. Several amendments, substituted pleadings, and motions were filed. Then there was a lull in the activities until October 23, 1913, at which time the court dismissed the case for want of attention. On motion the cause was reinstated January 24, 1914; on January 16, 1916, a jury was drawn, sworn, and the trial commenced; at the close of the evidence, and after the defendant had rested his case, the following motion to direct a verdict for plaintiff was sustained:

"Comes now the Valley National Bank and moves this court for an order directing the jury to return a verdict in its favor upon the note sued upon, for the reason that it appears conclusively from all the evidence in the case, that the Valley National Bank is now the owner of the note sued upon in good faith before maturity, for a valuable consideration and is entitled to judgment against the defendant, Finlay McDonald, for the amount due thereon."

The following is the record of the verdict returned:

"Now on this day this cause comes on for further hearing, the parties appearing as heretofore, and the jury came as on yesterday, and after hearing the evidence offered and introduced, the jury now on motion of the Intervenor, Valley National Bank, renders their verdict as follows, to-wit:

" 'We, the jury, by the direction of the court, and on motion of the Valley National Bank, find for the Valley National Bank, and against the defendant, Finlay McDonald, in the sum of $2,053.37.

" '[Signed]   W. H. Garver, Foreman.'

"Whereupon the jury are excused from the further consideration of this cause. Defendant Finlay McDonald excepts."

This verdict was entered in Court Journal 108, at page 200, on January 20, 1916. Nothing further was done in this matter until February 3, 1930, when the clerk of the district court made and entered of record the following judgment entry:

"Now on this day this cause comes on for hearing, and the court being fully advised in the premises,

"It is therefore ordered that the Valley National Bank have and recover judgment of and from the defendant Finlay McDonald, in the sum of $2,053 with interest at 6% and for costs of the action. Finlay McDonald excepts."

This was entered of record in Court Journal 108, at page 201, being in the same book on the page opposite the entry of the directed verdict. Thereafter, to wit: on April 18, 1930, the attorneys for the defendant seemingly convinced the clerk that he had made an error, and he wrote in lead pencil on the margin of the above judgment entry: "Error, see entry Journal 172, page 77." Whereupon the defendant's attorneys prepared another judgment entry on April 18, 1930, as follows:

"Be it remembered that the above entitled cause comes on for final entry of judgment, the court having heretofore on January 20, 1916, sustained a motion for directed verdict.

"It is therefore ordered and made the judgment of this court that the Valley National Bank have and recover judgment against Finlay McDonald in the sum of $2053.33 with interest thereon at 6% per annum from January 20, 1916, and the costs hereof.

"To all of which the said Finlay McDonald excepts."

This was signed by the judge and entered of record by the clerk.

On April 22, 1930, the defendant filed a motion for a new trial, setting up the history of the case and several pages of alleged errors committed, the burden of which seems to be that he was not permitted to introduce his evidence and that the court summarily directed a verdict. From the record there seems to have been considerable discussion between the trial court and the attorneys for the defendant over the procedure to be followed in proving

up their case, with the result that the court, as usual, in controversies between counsel and the court, got the best of the argument. However, the record shows that the defendant rested his case before the direction of the verdict.

The motion for a new trial was granted on April 26, 1930. It does not appear that the plaintiffs or their attorneys had any notice of, or that they appeared, or took any part in the proceedings relative to the granting of a new trial. On March 28, 1933, the plaintiff, Valley National Bank, filed a motion to set aside the order granting a new trial, to which resistance was filed by the defendant. On April 8, 1933, H. Armstrong filed a motion to expunge from the record the order granting a new trial, which sets up the fact that the Valley National Bank on January 29, 1930, assigned to H. Armstrong the "judgment recovered by it on or about the 20th day of January, 1916, against Finlay McDonald in the sum of $2053.33 and interest, in a cause entitled M. A. Selby v. Finlay McDonald and N. A. Rice, defendants, Valley National Bank, Intervenor", and also assigned what is designated "a certain claim, prosecuted by it as intervenor in a case entitled M. A. Selby v. Finlay McDonald and N. A. Rice, defendants, Valley National Bank, Intervenor"; that on the 19th day of December, 1929, the said Finlay McDonald, as plaintiff, filed his petition at law against H. Armstrong, as defendant, in the district court of Polk county, Iowa, asking judgment in favor of said Finlay McDonald and against said H. Armstrong in the sum of $2,600, with interest and costs; that thereafter, and within the time required by law, the said H. Armstrong filed unto said petition an answer and set-off, alleging that he was the owner of all the rights, titles and interests of the said Valley National Bank, intervenor, in said cause, Law No. 42—19298, and in said answer and set-off asked that the petition of the plaintiff be dismissed and that the defendant have a judgment against the plaintiff for his costs; that, after the filing of said answer and set-off the said cause, instituted by the said Finlay McDonald against the said H. Armstrong was dismissed, and on or about February 17, 1931, said Finlay McDonald commenced a second suit against the said H. Armstrong, asking to recover judgment in the sum of $3,022.10, with interest and costs, to which the said H. Armstrong filed an answer and set-off. To this motion of H. Armstrong the defendant filed a resistance.

Thereafter, to wit, on April 11, 1933, the following order was entered by the court:

"It now appearing to the court that the court in entering the order of April 26, 1930, granting a new trial was without jurisdiction to enter same, it is therefore ordered that said order granting a new trial is set aside and held for naught. Defendant excepts."

From this order defendant has appealed to this court.

From the arguments of counsel, we gather that the bone of contention seems to be that the trial judge, back in 1916, refused to permit the defendant to introduce his evidence. However, they seem to have lost all interest in the case until the defendant sued H. Armstrong and Armstrong set up this judgment, entered on a directed verdict, as a set-off to the defendant's claim. At this stage, the defendant's attorney, Mr. Hunn, who, by the way, appears to have represented the defendant from the inception of this case, according to his statement to this court in his argument, went to the clerk and had the clerk write on the previous entry of judgment the word "error", and then he, as attorney for the defendant, prepared what he claims was a valid judgment against his client, the defendant, and had it signed by the judge of the district court of Polk county, and had the clerk enter it of record. It is counsel's contention that the purpose of this was to dispose of this unfinished matter. It might be inferred, from what immediately followed, that counsel was seeking some method by which he could open up this case and obtain a new trial, and, the time for filing a motion for a new trial having long since passed, he ingeniously devised this method. At any rate, the legal dilemma, with all its entanglements, is now before this court for solution.

The plaintiffs contend that the court had no jurisdiction to grant a new trial; that the time for filing a motion for a new trial had long since passed; and that the order granting a new trial was null and void and of no effect. Defendant, on the other hand, contends that there was no final decision of the court until judgment on the directed verdict was entered by the court, and the only judgment entry by the court was the one prepared by defendant's counsel on April 18, 1930; that the clerk had no legal authority to enter the judgment of February 3, 1930, and that his entry was of no legal force and effect. He bases this principally upon the statute, Code, section 11582-c1, which provides:

"Unless otherwise ordered by the court or judge, the clerk of the district court shall not enter or spread upon the records of his office any judgment based upon any promissory note or notes or other written evidence of indebtedness, unless the note or notes or other written evidence of indebtedness are first delivered to the clerk."

This statute was enacted by the legislature in April, 1929, and was in effect on the date when the clerk entered judgment in the instant case on February 3, 1930. Counsel for defendant contend that the record fails to show that the note sued upon was then, or at any other time, filed with the clerk for cancellation, and consequently the purported entry by the clerk under such circumstances is void.

They also urge the lapse of time between the time the verdict was filed and the entry of judgment, as another reason for invalidating the clerk's entry. They contend that this entry by the clerk was made on the journal which was in use in 1916, long after the journal had been signed by the judge and long after the journal had been closed. The journal in use in 1930 was No. 172, sixty-four volumes after Journal 108, in which the clerk's journal entry of judgment was entered, and they contend that the clerk's entry on the old docket was in violation of the statute prohibiting the altering or changing of the record, under Code, section 10802, which provides that:

"No record shall be amended or impaired by the clerk or other officer of the court, or by any other person without the order of such court, or of some court of competent authority."

On the other hand, counsel for plaintiffs say that under section 11575 of the Code, which provides: "When a trial by jury has been had, judgment must be entered by the clerk in conformity with the verdict, unless it is special, or the court orders the case to be reserved for future argument or consideration", there is no limitation on the time when the clerk is thus directed to enter judgment on the verdict, and that the action of the clerk in entering judgment on the 3d day of February, 1930, was legal and valid, and in pursuance of his legal, statutory duty; that the same became a legal and binding judgment on the verdict; that the same has never been set aside; and that the clerk, under section 10802, could not, by pencil notation, alter or change the legal effect of said judgment

by simply writing thereon the word "error". They further contend that motion for new trial could not be filed unless filed within the time provided by section 11551 of the Code, which provides:

"The application must be made within five days after the verdict, report, or decision is rendered, unless for good cause the court extends the time, except for the cause of newly discovered evidence; must be by motion upon written grounds, and, if for the causes enumerated in paragraphs 2, 3, and 7 of section 11550, may be sustained and controverted by affidavits."

We have carefully gone over the record and the various statutes and decisions of our court interpreting the same, and we are abidingly satisfied that the plaintiffs' contention is correct.

In the case of Bottineau Land Co. v. Hintze, 150 Iowa 646, 125 N. W. 842, 843, this court, speaking through Justice Weaver, in reference to a directed verdict, said:

"Counsel for plaintiff make the point that a motion for a new trial will not lie after a directed verdict of the jury has been received, and that to sustain such a motion is reversible error, even though the order directing the verdict was erroneously made. * * * The objection raised by the appellant seems to be grounded in the thought that a directed verdict is not a 'verdict of a jury' within the meaning of this statute, and that 'decisions by the court' which may be questioned in motions for a new trial include only such as are made by a court in the trial of issues without a jury. In other words, it is argued that an error in directing a verdict can be corrected only upon appeal. * * * The statute provides for new trials after a verdict by a jury. It does not attempt to classify verdicts or draw any distinction between those returned by direction of the court and those which are not, and we see nothing in the nature of the case to compel the court to ingraft such an exception upon the rule as laid down by the legislature. When the court submits an issue to a jury with erroneous instructions that as a matter of law plaintiff has failed to make a case or that defendant has failed to sustain his defense, thereby compelling a particular verdict, no good reason exists why that error may not be taken advantage of on motion for a new trial precisely the same as if the verdict had been actually or presumably affected by the erroneous exclusion of material evidence properly offered on the trial. The cases cited by appellant might be

considered in point were we to recognize the distinction which counsel draw between verdicts generally and directed verdicts, but this we can not do, and we need not stop to consider what would be the proper practice in the absence of statutory regulation."

Therefore the directed verdict in this case which was entered of record on the journal of the court on January 20, 1916, was a verdict of the jury within the meaning of section 11551, providing that motions for new trial "must be made within five days after the verdict". This court has held in numerous cases that a motion made after the expiration of the statutory limitation is of no avail. Boardman v. Beckwith, 18 Iowa 292; Stiles & Winters v. Estate of Jesse Botkin, 30 Iowa 60; Clinton National Bank v. Graves, 48 Iowa 228; Dutton v. Seevers, 89 Iowa 302, 56 N. W. 398.

In the case of Pyle v. Herring, 185 Iowa 646, at page 652, 164 N. W. 173, 175, we said:

"The directed verdict was returned by the jury January 11, 1916, and on the same day, judgment was entered thereon in favor of appellant. Defendant, when the verdict was returned, filed, and judgment entered, ceased to be a party to the further proceedings; and was not required, for any purpose, to take notice of the further progress of the trial. The jurisdiction of the court had terminated, for all purposes, except to pass upon a motion for a new trial *filed within three days after the verdict*. Jurisdiction to pass upon a petition for new trial upon the ground of newly discovered evidence, filed more than three days after the verdict, could only be had upon notice to the adverse party. Hawkeye Ins. Co. v. Duffie, 67 Iowa 175, 25 N. W. 117; Owen v. Smith, 155 Iowa 463, 136 N. W. 119; Hamill v. Joseph Schlitz Brewing Co., 165 Iowa 266, 143 N. W. 99, 145 N. W. 511; Loos v. Callendar Sav. Bank, 174 Iowa 577, 156 N. W. 712; Scott v. Scott, 174 Iowa 740, 156 N. W. 834; Kwentsky v. Sirovy, 142 Iowa 385, 121 N. W. 27; Todhunter v. De Graff, 164 Iowa 567, 146 N. W. 66; Willson v. District Court, 166 Iowa 352, 147 N. W. 766; Des Moines Union R. Co. v. District Court, 170 Iowa 568, 153 N. W. 217." (Italics ours.)

Counsel for appellant cite and rely on the case of Bevering v. Smith, 121 Iowa 607, 96 N. W. 1110, 1111. The question there arose under section 4205, Code of 1897, now section 12255 of the 1931 Code, which provides for a new trial in specific cases within

a year. The court in that case specifically distinguished between section 11550 and section 12255, and said:

"The two statutes provide for distinct and different proceedings. In the former the application *must be filed within three days after verdict;* in the latter, within one year after trial." (Italics ours.)

Appellant also cites and relies on the case of Trainer v. Kossuth County, 199 Iowa 55, 201 N. W. 66, 67. In that case there was a stipulation by the parties agreeing that the jury might seal their verdict and hand the same to the bailiff and then separate. The jury did return a sealed verdict, and the clerk entered on the docket the following entry: "November 29, 1922. Verdict filed." There was nothing more done with reference to this verdict until December 18th, when the verdict was opened in open court and judgment entered on the verdict. In connection with this judgment entry the court entered the following: "All parties consenting, defendants have until January 1, 1923, to file motion for new trial, to file exceptions to instructions of court, and to set aside verdict." The defendants filed their motion for a new trial on December 30, 1922. The motion was overruled and an appeal was taken. The appellee filed a motion to dismiss the appeal and one of the grounds urged was that the verdict was rendered within the meaning of the statute on November 29th, the day the clerk made the entry of the filing of the verdict, and that the defendants, therefore, were bound to file their motion for new trial within the statutory time of five days, and that the court had no power to extend such time after its expiration. The court said:

"*Concededly, the defendants were required, under section 3756, Code of 1897* (now section 11551, Code of 1931) \* \* \* *to file their motion for a new trial within five days after such date,* unless prior to the expiration of such period, an extension of time was ordered by the court. The appellee relies upon section 3724, Code of 1897 (section 11510, Code of 1931), which provides as follows: 'When by consent of the parties and the court the jury have been permitted to seal their verdict and separate before it is rendered, such sealing is equivalent to a rendition and a recording thereof in open court, nor shall such jury be polled or permitted to disagree thereto, unless such course has been agreed upon between the parties in open court and entered on the record.' It is to be

conceded that the literal terms of the foregoing statute tend to sustain the contention of the appellee. *If the verdict had, in fact, been recorded on November 29th, then the statutory limitation of five days would start upon such date.*" (Italics ours.)

The court held that it was absurd to require parties to file a motion for a new trial within five days from the filing of a sealed verdict, for no one could ascertain what was in the verdict until it was opened. This case is against the appellant's contention, and if it holds anything, holds that the motion must be filed within five days from the recording of the verdict. Verdict in the instant case was filed and entered of record on the 20th day of January, 1916.

In the case of McMaken v. McMaken, 195 N. W. 350, we said:

"There appears to have been a motion for a new trial after judgment, but it was filed three days after the expiration of the time allowed therefor. This of itself was a sufficient reason for overruling it or striking it."

Another case relied upon by appellant is Arends v. Frerichs, 168 N. W. 105, but in that case there was a stipulation of the parties filed that the court might take the case under advisement, and that decree might be *entered* in vacation, and the decision turns on this word "entered". The court held that the decree was not entered until December 4, 1915, while the written memorandum of the decree was filed October 15, 1915, in vacation.

The contention of the appellant that the direction of a verdict by the court is not, in fact, a verdict of the jury, but amounts in legal effect to a decision of the case on a question of law by the court, as applied to the record in this case, is a mere play on words. Whether we call it a verdict or a decision, we have held that it amounts to the same thing as a verdict by the jury, and, when it was filed and entered of record on the journal of the court, motion for new trial, under the statute, in order to be available, had to be on file within the statutory period provided by law. It, therefore, follows that the order of the court granting a new trial was erroneous and the lower court was right in setting the same aside for want of jurisdiction in the court to grant the same.

In his notice of appeal to this court, the appellant has attempted to appeal from the judgment entered on February 3, 1930, the orders of the court and rulings on evidence made in the

course of the trial of this cause, including the order of the court sustaining a motion for directed verdict made on January 20, 1916, and the judgment entry dated April 18, 1930, as well as the order of the court setting aside the order granting a new trial made by the court on April 11, 1933, and in support of this argue that, if this court has permitted the appellees to sleep on their rights from the date of the order granting a new trial, to wit: April 26, 1930, until March 28, 1933, when the motion to set aside the order for new trial was filed, and at this late date to have their motion sustained and the order granting a new trial vacated, after appellant had relied upon having a new trial, and therefore perfected no appeal, this court must entertain the appeal of the appellant on the merits. We can see no merit in this contention.

We have held in the case of Cox v. Southern Surety Co., 208 Iowa 1252, at page 1254, 226 N. W. 114, that under section 11575 of the Code it was the duty of the clerk, unless the court orders the case to be reserved for future judgment or consideration, "to enter judgment immediately upon the filing of the verdict. This duty was imperative, and no formal order or direction of the court to do so was necessary."

There is no statutory limitation as to when the clerk shall make this entry. It was, of course, his duty to enter it at once, but where the clerk, by neglect or oversight, failed to make the entry immediately, and later it was called to his attention that no entry had been made on the verdict, it became his imperative duty, under the holdings of our court, to enter the judgment, and the judgment thus entered, until set aside, was a complete and final adjudication of every question and issue involved in the case. True, it was irregular, and no doubt should have been called to the attention of the court and entered on the current court records, but this irregularity does not render it void.

The defendant was given an exception, and under the statute, Code, section 12832, had the right to appeal from said judgment within four months from the date of the entry of the same. Counsel for appellant had notice and actual knowledge of the entry of this judgment, for it appears from the record that on the 18th day of April, 1930, two months and a half after the clerk entered the judgment, counsel for appellant prepared another judgment entry, and had the same entered of record, and in it made no reference to the former judgment entered by the clerk. He made his own election

and choice of remedies, and, having chosen to file a motion for a new trial, instead of taking an appeal, he cannot complain, and he is not entitled to have reviewed in this court under this appeal anything except the order of the court setting aside the order granting a new trial.

There is no merit in appellant's contention that the note and mortgage sued on were not surrendered to the clerk and canceled. The record shows that the note and mortgage were marked as exhibits and introduced in evidence, and a transcript of the evidence of the trial filed with the clerk, which necessarily included the exhibits in the case. This took the note and mortgage out of circulation. The purpose of requiring the cancellation of the written instruments under section 11582-c1 has therefore been fully, accomplished and what was done amounted to a substantial compliance with the provisions of the statute. The written instruments were thus delivered into the possession of the proper officer of the court. The law presumes that the clerk has done his duty and canceled the same upon entering judgment.

It follows that the order of the trial court of April 11, 1933, vacating and setting aside the order for a new trial must be, and it is hereby, affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, MITCHELL, KINTZINGER, DONEGAN, POWERS, and PARSONS, JJ., concur.