## MASTERSON v. BROWN.

1. **Practice:** CONTINUANCE: SUBSTITUTION OF ADMINISTRATOR. The death of a party plaintiff, and the substitution of his administrator therefor, do not constitute a sufficient ground for the continuance of an action.

2. **Administrator:** APPOINTMENT OF SPECIAL. In the absence of direct review, by appeal or otherwise, the action of the Circuit Court in appointing a special administrator will be presumed to be correct.

3. ——: ——: PENDING SUIT. A special administrator is authorized to prosecute a pending suit in favor of his intestate.

*Appeal from Marshall District Court.*

FRIDAY, JUNE 13.

ON the 26th day of November, 1877, Peter Carmody commenced an action against defendant, claiming three thousand dollars damages for alleged violent assaults made by defendant upon the said plaintiff.

On the 22d day of October, 1878, being the second day of the term, the plaintiff's attorney filed a motion suggesting the death of plaintiff, and that A. B. Masterson, administrator of the estate of deceased, be substituted as plaintiff. Pending said motion for substitution the defendant filed a motion for continuance, supported by an affidavit, as follows:

"I, W. E. Snelling, being first duly sworn, on my oath say that I am informed and believe that the plaintiff in this cause is deceased; that he departed this life within sixty days last past, but the exact time affiant cannot say; that there is no administrator or executor of plaintiff's estate qualified or empowered to act only A. B. Masterson, and he only in the capacity of special administrator, as shown by copy of his letters of administration hereto annexed and made a part hereof; that said special administrator has no authority to prosecute this suit; that the death of plaintiff was suggested to this court yesterday, and it was not known until this time that said special administrator would desire or ask a trial of this cause at this term of this court, hence no motion was made for a continuance of this cause on the second day of this term; that since the death of the plaintiff no notice of any kind has been served upon defendant that the administrator would prosecute this suit at this term, and for that reason defendant is not prepared for trial at this term of this court, and cannot obtain his testimony in season for this term of this court."

The court sustained the motion for the substitution of Masterson, administrator, as plaintiff, and overruled the motion

for continuance, to which rulings the defendant excepted. The plaintiff thereupon filed an amendment to the petition, alleging that the substituted plaintiff was the duly and legally constituted administrator of the estate, and that Peter Carmody departed this life September 16, 1878.

The defendant thereupon filed an answer, as follows:

"Comes now the defendant, and shows to the court that A. B. Masterson, alleged administrator of Peter Carmody, deceased, is not the administrator of said Peter Carmody, and has no capacity to sue in this action as such administrator, for the following reasons:   For that said Peter Carmody did not die intestate, but that he departed this life on the 16th day of September, 1878, and he left a will appointing Michael Carmody executor, and if he should decline, J. F. M. Cooper, A. B. Masterson and John Liston should be his executors in his place, and said will was duly filed in the office of the clerk of the Circuit Court of Marshall county, Iowa, on the 18th day of October, 1878, and said clerk opened said will and read the same, but no notice for the proof of said will has been made whatever, as provided by law; that on the 22d day of October, 1878, said clerk, while said will, or paper purporting to be the last will, of Peter Carmody, was and is on file, and the same was, and is on its face, executed as provided by law, and purporting to be the will of Peter Carmody, and in fact was the last and only will of Peter Carmody, deceased, and said clerk, E. R. Jones, did attempt to appoint A. B. Masterson administrator of said Peter Carmody, deceased, before said will was proved, and in vacation of any term of the Circuit Court, and without authority of law, and without a showing that said Carmody died intestate; that for that reason defendant says plaintiff ought not to maintain this action, because of such want of authority of said clerk, and because said plaintiff is not the administrator of said estate of Peter Carmody, deceased, and because said will has not been proved, and is now in the office of the clerk pending such proof, and said Peter Carmody did not depart this life

till the 16th day of September, 1878, and said will was only executed in July, 1878. Defendant shows he has not a copy of said will, nor the original, and said pretended letters of administration are now in the hands of said pretended administrator, and defendant cannot give a copy."

The plaintiff demurred to this answer. The demurrer was sustained, and the defendant excepted. The court then proceeded to try the cause on the issue presented by the original answer of the defendant. Both parties introduced witnesses. A verdict was returned, and a judgment was rendered in favor of plaintiff for one thousand five hundred dollars. The defendant appeals.

*Brown & Binford* and *W. E. Snelling*, for appellant.

*J. L. Carney* and *Henderson & Merriman*, for appellee.

DAY, J.—I. Appellant claims there was error in overruling his motion for continuance. It is claimed that, upon the substitution of the administrator, the defendant was entitled to time to appear and defend as though a new action had been commenced. In case of the death of a party to an action, section 2527 of the Code provides that "the court, on motion, may allow the action to be continued by or against the legal representatives or successors in interest of the deceased. Such action shall be deemed a continuing one, and to have accrued to such representative or successor at the same time it did to the deceased if he had survived. If such is continued against the legal representative of the defendant, a notice shall be served on him as provided for service of original notices." It is a necessary implication from the requirement that notice shall be served upon the legal representative of the defendant, when the cause is continued against him, that no notice is necessary when the cause is continued in favor of the legal representative of the plaintiff. In such case, there being no

*1. PRACTICE: continuance: substitution of administrator.*

change in the person of the defendant, it is his duty to look after his interests, and to be vigilant in the preparation for trial. No reason is shown for continuance in this case except the recent substitution of plaintiff, and that defendant is not ready for trial. It does not appear that he exercised any diligence to procure testimony and prepare himself for trial. Upon the contrary, he seems to have regarded that all necessity for vigilance was removed by the death of the original plaintiff. The court, we think, did not err in overruling the motion for a continuance.

II. The only remaining question in the case is as to the right of the plaintiff to prosecute this action. The appellant insists that the clerk had no power at all, under the circumstances set up in the answer, to appoint an administrator, and that, in any event, he could appoint only a special administrator, and that a special administrator has no power to sue. The Code provides: "When from any cause general administration cannot be immediately granted, one or more special administrators may be appointed to collect and preserve the property of the deceased. They shall make and file an inventory of the property of the deceased in the same manner in all respects as is required of general executors or administrators, and shall preserve such property from injury. For this purpose they may do all needful acts, under the direction of the court, but shall take no steps in relation to the allowance of claims against the estate." Sections 2357, 2359 and 2360. The answer shows that the will of Peter Carmody had not been proved. In the absence of direct review, by appeal or otherwise, of the action of the Circuit Court, it must be presumed that a proper occasion existed for the appointment of a special administrator, and, in the absence of showing to the contrary, that the plaintiff, Masterson, was properly appointed such administrator.

III. The question remains as to the right of a special ad-

*2. ADMINISTRATOR: appointment of special.*

ministrator to prosecute this suit. The suit was pending at the date of his appointment. The only direct limitation placed upon the power of an administrator is that he shall take no steps in relation to the allowance of claims against the estate. It is his duty to collect and preserve the property of the deceased. The right to prosecute a suit is incident to the duty of collecting and preserving the property. Without this right the duty enjoined could not be fully and properly performed.

**3. ——: ——: pending suit.**

AFFIRMED.