J. G. GUTHRIE, Guardian, Appellee, v. MARY E. GUTHRIE, Appellant.

1. **Insanity**: PROCEEDINGS TO DETERMINE: VERIFICATION OF PETITION. The failure to verify a petition, filed in proceedings under section 2272 of the Code to determine the sanity of the defendant, will not vitiate the action of the court thereunder, where notice of the petition was personally served upon the defendant, and he was represented in court by a guardian *ad litem*, and no exception was taken to the petition because of the want of verification.

2. ———: ———: PLEADING. An allegation in such a petition that the defendant is "a person of unsound mind to such an extent as to be incapacitated for conducting his business safely, and for taking care of his estate," is sufficient to support an adjudication of mental unsoundness.

3. ———: ———: JUDGMENT. Where the record in such case shows the appointment of a guardian *ad litem* pending the proceeding, and a final order appointing one as guardian of the person alleged to be of unsound mind, it will be presumed that the fact of mental unsoundness was established, though the record be silent upon that question.

*Appeal from Jasper District Court.*—HON. D. RYAN, Judge.

THURSDAY, JANUARY 28, 1892.

ACTION in equity to restrain the defendant from selling or otherwise disposing of certain personal property owned by the ward of the plaintiff. A decree was rendered in favor of the plaintiff, from which the defendant appeals.—*Affirmed*.

*H. S. Winslow*, for appellant.

*Alanson Clark*, for appellee.

ROBINSON, C. J.   The plantiff claims to be guardian of the estate of Amos G. Guthrie, a person alleged to be of unsound mind, by virtue of an appointment made by the circuit court of Jasper county; that his ward owns certain personal property described in the petition; that the defendant has wrongfully disposed of a portion of that property, and, unless restrained, will dispose of the remainder without authority of law. The defendant denies that the plaintiff is guardian as claimed.   It is conceded that the plaintiff is entitled to the relief demanded, if the defendant has failed to establish her defense.   On the final hearing a decree was rendered for the plaintiff as prayed.

The material facts upon which the determination of this case rests are as follows:

The defendant is now, and has been for many years, the wife of Amos G. Guthrie.   In March, 1881, she filed in the circuit court of Jasper county an unverified petition, in words as follows: "Your petitioner respectfully represents that she is the wife of Amos G. Guthrie; that she is living in the bonds of matrimony with said Amos G. Guthrie; that they have two children, of the ages of two and four years, respectively; that said Amos G. Guthrie is seized of certain valuable real estate, situated in Newton township, Jasper county, Iowa, on which your petitioner and her husband and children dwell; that said Amos G. Guthrie is also possessed of valuable personal property; that the whole value of his estate is about four thousand dollars. Your petitioner further represents that her said husband is a person of unsound mind, to such an extent as to be incapacitated for conducting his business safely and for taking care of his estate; that he received said prop-

erty, for the most part, by will from his mother; that, by said will, his brother, George Guthrie, was made his guardian for three years, which three years has expired. Your petitioner, therefore, respectfully requests that she be appointed guardian of her said husband."

An original notice was personally served on the husband. Subsequently a record was made in the proceeding as follows: "Mary E. Guthrie v. Amos G. Guthrie, of unsound mind. S. G. Smith appointed guardian *ad litem* for defendant. Mary E. Guthrie, wife of defendant, appointed guardian, to give bond in the sum of $500." The wife failed to give bond, and in November, 1883, John G. Guthrie made application for the appointment of himself or some other person as guardian, and one Green Bridge was appointed. He qualified and entered upon the discharge of the duties of the office; but in April, 1885, he resigned, and the plaintiff was appointed to succeed him, gave bond and commenced to act as guardian. In January, 1887, the defendant applied to the circuit court of Jasper county for the removal of the plaintiff on the ground that there was litigation pending between the plaintiff and his brother, G. W. Guthrie, in which the ward was interested. After a hearing on the application, the removal was refused in March, 1887. It appears that, for some reason not disclosed by the record, the plaintiff was again appointed guardian and filed a new bond. At the October term, 1888, of the district court of Jasper county, the defendant again applied for the removal of the plaintiff. The application was based on the alleged wrongful management of the estate, and fraud on the part of the plaintiff, and hostile feeling between him and the defendant, and on hearing was denied. No adjudication as to the mental condition of Amos G. Guthrie was had after the order of 1881, which appointed the defendant as guardian. In all subsequent proceedings it was assumed that the ward had

been duly adjudged to be of unsound mind. It is insisted by the appellant that the record fails to show the necessary adjudication; that the failure to verify her original application for guardianship was a fatal defect; that the averments of her petition were not sufficient to authorize the court to adjudge her husband to be of unsound mind; and that the court did not so adjudge. The reply of the plaintiff contains a plea of estoppel, based on the connection the defendant has had with the proceedings specified.

I. Section 2272 of the Code contains the following: "When a petition is presented to the circuit [now district] court, verified by affidavit, that any inhabitant of the county is an idiot, lunatic or person of unsound mind, * * * and the allegations of the petition have been satisfactorily proved upon the trial provided for in the following section, such court may appoint a guardian of the property of any such person." Section 2273 contains the following: "Such petition shall set forth, as particularly as may be, the facts upon which the application is based, and shall be answered as in other ordinary actions, all the rules of which shall govern, so far as applicable, and not otherwise provided in this chapter." The chapter contains no provision in regard to the verification of the petition excepting that quoted, and we must have recourse to the rules which govern ordinary actions to ascertain the effect of a failure to verify the petition. Section 2677 of the Code provides that: "If a pleading be not duly verified, it may be struck out on motion; but such defect will be deemed waived if the other party respond thereto, or proceed to trial without such motion." This section was construed in *Rush v. Rush*, 46 Iowa, 648, where it was held that it carried a clear implication that an unverified petition was not to be treated as a nullity. It was also held that the verification was not jurisdictional.

1. INSANITY: proceedings to determine: verification of petition.

The appellant refers us to *Guise v. Early*, 72 Iowa, 283, as supporting her claim. But the provisions of law under consideration in that case were sections 2662-2665 of the Code, which relate to acquiring jurisdiction in all actions where it is necessary to make an unknown person defendant, and to the necessary steps preliminary to a service of notice by publication. The sections construed were designed to provide for constructive service in an exceptional case, and are not of general application. In the case under consideration the person against whom the proceedings were instituted was served personally with the original notice, and was represented in court by a guardian *ad litem;* and the court had jurisdiction of his person, and authority to act on the question presented to it.

II. The petition filed by the plaintiff in 1881 for the appointment of a guardian alleges that her husband was "a person of unsound mind to such an extent as to be incapacitated for conducting his business safely, and for taking care of his estate." It was said in *Emerick v. Emerick*, 83 Iowa, 411, that the protection of property was one of the main objects of the statute under consideration, and that the test of unsoundness is largely the incompetency of the person affected to manage property in a rational manner. The averments of the petition in question are certainly brief, but are sufficient, especially as no objection to them was made to support an adjudication of mental unsoundness. The allegation that the person affected was "incapacitated * * * for taking care of his estate" was a statement of the mental unsoundness charged, which brought it within the rule of the case cited.

2. ——: ——:
pleading.

III. It is said that no adjudication has ever been had declaring Amos G. Guthrie to be a person of unsound mind, and that it is essential to the validity of a judgment that it appear on the record book. The record in question shows

3. ——: ——:
judgment.

the appointment of a guardian *ad litem*, and that the defendant was appointed guardian. It is undoubtedly the better practice to have the record show explicitly that the person for whom a guardian is appointed was adjudicated to be of unsound mind, but it will be observed that the statute does not in terms require it. It provides that, if the allegations of the petition are satisfactorily proved upon the trial, a guardian shall be appointed. The finding that the allegations are proven is a condition precedent to the appointment of a guardian; and, where the latter is shown, the former, in the absence of proof to the contrary, will be presumed. *Ockendon v. Barnes*, 43 Iowa, 615.

Some question is raised as to the character of the record of judgment we have been considering. It appears to have been designed as the record of an adjudication, and not, as claimed, a mere memoranda for the preparation of such a record.

The conclusion we have announced makes a consideration of the plea of an estoppel unnecessary. The judgment of the district court is AFFIRMED.