MARY A. HAYES v. BETTINA HUGEL ET AL., Appellants.

**Judgments:** DOUBLE RECOVERY: SATISFACTION. Where a party recovers judgments against different parties upon the same cause of action he may elect which he will enforce, and the satisfaction of one will operate as a discharge of the other.

*Appeal from Lee District Court.*—Hon. H. Bank, Jr., Judge.

Friday, February 17, 1911.

Action to recover the possession of real property and for damages for the wrongful occupancy thereof. Judg-ment for the plaintiff, from which defendants appeal.—*Modified* and *affirmed.*

*George B. Stewart, H. Schlemer,* and *E. C. Weber,* for appellants.

*Herminghausen & Herminghausen,* for appellee.

Sherwin, C. J.—February 6, 1906, the plaintiff filed a petition asking a decree of divorce from her husband, Edwin C. Hayes, and on the same day the district judge ordered a writ of attachment in said cause and a levy on the defendant's property. On the following day, the sheriff levied said writ on the property in question in this ac-tion. Notice of suit and of the prayer for an attach-ment was served on Edwin C. Hayes February, 6, 1906. on the 15th day of February, 1906, there was filed in the district court a confession of judgment, executed on the 14th of February by C. E. Hayes in favor of his sister, Bettina H. Hugel. On the 7th day of April, 1906, the land in question was sold under an execution issued on Mrs. Hugel's judgment and a certificate of sale issued to Enoch Auge. Later a deed issued on said certificate to Bettina H. Hugel. July 14, 1906, the plaintiff was granted a divorce and $550 alimony, and it was ordered that the judgment for alimony be a lien on the land involved herein by virtue of the attachment levied thereon on the 7th of February. Execution issued on said judgment, and on the 25th day of August, 1906, the land was sold thereunder

to the plaintiff herein. A deed was also issued to her in December, 1907. In the present action, the plaintiff sues for possession under this deed and for the value of the use of the premises. The defendants pleaded title under the sheriff's deed to Bettina H. Hugel. In reply, the plaintiff pleaded the judgment in her action for divorce and that the judgment confessed in favor of Bettina H. Hugel was fraudulent and void as to her. We think the evidence clearly establishes fraud and collusion on the part of Bettina H. Hugel and Edwin C. Hayes in the respect alleged, and we need not discuss the legal propositions relied upon by the plaintiff. The trial court refused to render a judgment for the rents of the property against the defendant H. Schlemer, who was Bettina H. Hugel's attorney, and the plaintiff appeals on that issue.

We do not think the record would justify a judgment against him, and the judgment is affirmed on the plaintiff's appeal. The district court gave the plaintiff a judgment against Bettina H. Hugel and Edwin C. Hayes for the rents from December 9, 1907, to July 7, 1909, and a judgment against John Lawlor and Teresia Lawlor for the rents from April 30, 1908, to July 7, 1909. It is evident that the plaintiff is not entitled to a double recovery; but she may elect which judgment she will enforce, and, when it is satisfied, the other will be discharged. *Putney v. O'Brien*, 53 Iowa, 117.

Judgment *modified* and *affirmed*.