CHRIS S. JENSEN, Appellant, v. MARY MARTINSEN, Guardian, Appellee.

No. 44910.

APRIL 2, 1940.

Graham & Graham and Dalton & Dalton, for appellant.

L. Dee Mallonee and S. C. Kerberg, for appellee.

MILLER, J.—The plaintiff's petition, as amended, asserted that in 1935 the defendant, purporting to act as guardian, commenced an action at law on a note of $700 against the plaintiff and two others, resulting in a default judgment on October 23, 1935; that the application for appointment of the guardian was insufficient to give the court jurisdiction of the subject matter; there was no valid notice served on the alleged incompetent; defendant at most was a temporary guardian and had no legal authority to sue on the note; the note was not presented to the clerk for cancellation until eight days after the judgment was entered of record; the clerk had no authority to enter the judgment and the same is void; plaintiff prayed that the judgment be set aside and held for naught, and for general equitable relief. The answer of the defendant consisted of a general denial and a prayer that the petition be dismissed.

The evidence in reference to the appointment of the guardian showed the following facts. The petition for the appointment of a guardian was duly verified, and asserted that petitioner was the wife of one Lew Martinsen, who; on March 11, 1935, was declared to be of unsound mind by the board of commissioners for adjudging the insane of Audubon county, Iowa, and was by them committed to the hospital for the insane at Clarinda, Iowa, for treatment; he had property of approximately $5,000 which was liable to waste and diminishment; the petition asked that petitioner be appointed guardian of said property. Hearing on the application was set by order of court for March 23, 1935, on ten days notice, which was authorized to be served on the superintendent of the hospital at Clar-

inda. The superintendent certified that personal service on Lew Martinsen would affect him injuriously, and, pursuant to section 11068 of the Code 1931, the superintendent accepted service for him on March 12, 1935. Mel M. Graham was duly appointed guardian ad litem for the incompetent, appeared for him, and filed answer. Hearing was had, resulting in appointment of petitioner as guardian for the property of said incompetent.

The petition, in the action at law upon the note, recited the appointment of said plaintiff as guardian, asserted the execution and delivery of the note, that the incompetent was the owner and holder of the note, which was due and wholly unpaid. Judgment was demanded on the note for $700 with interest and costs. On October 23, 1935, default judgment was entered· on the note, but the note was not delivered to the clerk of the court for cancellation until October 31, 1935.

In this suit to set aside the judgment, the defendant guardian filed a motion to dismiss the original petition, which merely challenged the appointment of the guardian. This motion to dismiss was sustained. Thereafter, an amendment to the petition was filed, asserting that the note had not been properly presented to the clerk for · cancellation. Upon the trial, the court adhered to its former ruling that the claims in reference to the appointment of the guardian did not constitute any basis for relief. As to the other matter urged by plaintiff, the court found that the equities were with the defendant, that the plaintiff had neither pleaded nor proved that he had any defense to the note, that the purpose of section 11582-c1 of the Code, 1931, was obviously to retire the written instrument from circulation so that the maker, or others liable on same, would not be subjected to other suits, that this was accomplished when the note was in fact surrendered, the judgment was at most irregular, it was not void, and equity would not interfere, particularly in the absence of any showing of any probable defense to the action. Accordingly, the court entered a decree dismissing the suit and rendering judgment for costs. The plaintiff appeals.

██ ·I. It will be noted from the foregoing that the pleadings and proof herein do not challenge the jurisdiction of the court in the law action on the note over the person of the defendant, who is appellant here. Accordingly, we must assume that the court had jurisdiction of him personally and upon his default, was warranted in entering judgment on the note,·if the court had jurisdiction of the subject matter.

 Appellant here contends that the court did not have jurisdiction of the subject matter because the order appointing the guardian was void and the guardian had no right to maintain the action on the note. The petition for appointment of a guardian, while irregular in form, was sufficient to apprise the court that Lew Martinsen was insane and had property for which a guardian should be appointed. The court fixed a date for hearing and prescribed the notice thereof. The notice was served in compliance with the order and in accordance with the express provisions of section 11068 of the Code, 1931. While the procedure did not meet the requirements of section 12619, it clearly met those of section 12620 of the Code, 1931. Appellee was at least a temporary guardian. As such, she could bring the action. Masterson v. Brown, 51 Iowa 442, 1 N. W. 791. While some of the irregularities in the guardianship proceedings, of which appellant here complains, may have been sufficient to justify a direct attack thereon, none of them was sufficient to be made the basis of a collateral attack in this action. Wallace v. Tinney, 145 Iowa 478, 484, 122 N. W. 936, 139 Am. St. Rep. 448; Guthrie v. Guthrie, 84 Iowa 372, 51 N. W. 13. Accordingly, the court had jurisdiction, in the action at law upon the note, both as to the subject matter and the persons of the defendants. Defendants having made default, the court had jurisdiction to enter judgment and its judgment was not void.

██ II. This brings us to the second proposition, whether the failure to surrender the note for cancellation to the clerk until eight days after the judgment had been entered of record vitiated the judgment and rendered it void.

As above pointed out, the court held that the purpose of section 11582-c1 of the Code, 1931, was obviously to retire the written instrument from circulation so that the maker, or others liable on same, would not be subjected to other suits, that this was accomplished when the note was in fact surrendered, that the judgment was at most irregular, was not void and equity would not interfere, particularly in the absence of any showing of any probable defense to the action. We agree with the trial court.

In the case of Selby v. McDonald, 219 Iowa 823, 259 N. W. 485, we had a somewhat similar proposition presented. The contentions made before us then are set forth at page 827 of 219 Iowa, at page 488 of 259 N. W., as follows:

"Defendant, on the other hand, contends that there was no final decision of the court until judgment on the directed verdict was entered by the court, and the only judgment entry by the court was the one prepared by defendant's counsel on April 18, 1930; that the clerk had no legal authority to enter the judgment of February 3, 1930, and that his entry was of no legal force and effect. He bases this principally upon the statute, Code, section 11582-c1, which provides:

" 'Unless otherwise ordered by the court or judge, the clerk of the district court shall not enter or spread upon the records of his office any judgment based upon any promissory note or notes or other written evidence of indebtedness, unless the note or notes or other written evidence of indebtedness are first delivered to the clerk.'

"This statute was enacted by the legislature in April, 1929 [Laws of 43d G. A., ch. 239], and was in effect on the date when the clerk entered judgment in the instant case on February 3, 1930. Counsel for defendant contend that the record fails to show that the note sued upon was then, or at any other time, filed with the clerk for cancellation, and consequently the purported entry by the clerk under such circumstances is void."

In disposing of such contentions, we state at page 834 of 219 Iowa, at page 491 of 259 N. W., as follows:

"There is no merit in appellant's contention that the note and mortgage sued on were not surrendered to the clerk and canceled. The record shows that the note and mortgage were marked as exhibits and introduced in evidence, and a transcript of the evidence of the trial filed with the clerk, which necessarily included the exhibits in the case. This took the note and mortgage out of circulation. The purpose of requiring the cancellation of the written instruments under section 11582-c1 has therefore been fully accomplished and what was done amounted to a substantial compliance with the provisions of the statute."

In the case of Grimes Savings Bank v. McHarg, 224 Iowa 644, 276 N. W. 781, we state at page 649 of 224 Iowa, at page 785 of 276 N. W., as follows:

"Appellants further contend that the judgment at law upon which this creditor's bill is based is void because the promissory notes, which were the subject matter of the litigation, were never delivered to the clerk for cancellation as required by Code section 11582-c1, and therefore there was neither a valid judgment nor a lien when this suit was commenced. * * *

"J. G. Myerly, intervener, and attorney for the bank in the litigation over the notes, testified that immediately upon the return of the verdict in the last trial he delivered the notes to the clerk of the district court. No one denies this testimony. While the notes are not marked 'cancelled' the undisputed evidence shows that the notes were impounded during the last trial; that Myerly delivered the notes to the clerk at the conclusion of the trial; that the notes were Exhibits in the case and a transcript of the record was filed March 31, 1930. * * *

"We held in the case of Selby v. McDonald, 219 Iowa 823, 259 N. W. 485, that where the record shows that the notes were marked as Exhibits and introduced in evidence and a transcript of evidence filed, which necessarily included the exhibits, there is a presumption that the statute was complied with and the

notes delivered to the clerk. It may be presumed that the clerk did not enter the judgment until the notes were delivered to him. We find that the appellants signally failed to prove that the notes were not delivered to the clerk."

In both of the cases in which we have construed the statute now before us, the record failed to show that the specific provisions of the statute had been violated. In this case, the record affirmatively shows that the judgment was entered eight days before the note was surrendered for cancellation. Even though the statute was not strictly complied with, the purpose of its enactment was accomplished. In view of this fact, and the further fact that appellant waited for over two years before urging the failure to comply with the statute as a basis for relief in equity, and, when he did urge the same, failed to make any showing of any defense to the note upon which judgment had been entered, we hold that the decree of the trial court must be and it is affirmed.—Affirmed.

HAMILTON, C. J., and HALE, BLISS, STIGER, SAGER, OLIVER, and MITCHELL, JJ., concur.