### UNITED STATES v. HENDERSON.
### Civ. No. 1–39.

United States District Court,
S. D. Iowa, Ottumwa Division.

Oct. 15, 1953.

Roy L. Stephenson, U. S. Atty., Des Moines, Iowa, and Robert J. Spayde, Asst. U. S. Atty., Des Moines, Iowa, for plaintiff.

Burn Bannister, Ottumwa, Iowa, for defendant.

RILEY, District Judge.

By its complaint herein the Government alleges that the defendant is a veteran of the armed services of the United States; that as such serviceman he procured a loan from the Union Bank & Trust Company, Ottumwa, Iowa, which the Government guaranteed under the Servicemen's Readjustment Act of 1944, Title 38, §§ 694, 694a, U.S.C.A., in the principal sum of $3600; that to evidence such obligation he made, executed and delivered his promissory note of May 20, 1946, in that amount; that said defendant defaulted in his payments whereupon, in accordance with the guarantee contained in said Act, the Government purchased from the Union Bank & Trust Company, the unpaid portion of the outstanding loan in the amount of $472.93, for which amount it prays judgment.

As part of his answer defendant attached the mortgage and promissory note in question. He pleads that the complaint above described fails to state a claim against the defendant upon which

relief can be granted, asserting in such defense that on Aug. 6, 1949, a default decree was entered in a suit brought in the State court by the Union Bank & Trust Company against the defendant and others upon the promissory note and for foreclosure of the real estate mortgage referred to; that said decree provided for a judgment in rem against the real estate only; that stamped across the face of the $3600 note in question in said proceedings appear the words:

"Merged in judgment on Aug. 6, 1949, in the August term of the District Court of Iowa in and for Wapello County, chancery 21131, District Court record #90, p. 601;"

that execution was taken out, the property sold thereunder to the Union Bank & Trust Company for $3100, the sheriff's certificate was assigned to the Veteran's Administrator and the sheriff's deed was made out to such Administrator on behalf of the Government.

Both parties filed motions for summary judgment on the pleadings, urging that there are no genuine issues of fact remaining at issue and that the only question for determination is one of law. The motions were ordered submitted upon written arguments.

It is defendant's contention, and his written statements show a great deal of thought and study, that Mr. Henderson owes the Government nothing on the $3600 note, that as a result of the State court foreclosure proceedings he insists the said note has been effectively retired from circulation and that the maker is no longer liable nor can he be subjected to another suit, citing Jensen v. Martinsen, 228 Iowa 307, 291 N.W. 422. He says—"the complaint is grounded on the note," and "As a suit on the note, the complaint cannot be entertained since the note is cancelled and was never the property of the plaintiff." It must be noted, however, that the complaint does allege, that the defendant "procured a loan, which the plaintiff guaranteed un-der the provisions of the above law (Servicemen's Readjustment Act of 1944), as amended, from the Union Bank & Trust Company, Ottumwa, Iowa, in the principal sum of $3600."

The Iowa law and the Iowa decisions for which defendant contends are not controlling on the situation here as the loan transaction between Mr. Henderson and the Government by way of the Union Bank & Trust Company is one controlled entirely by the provisions of the Servicemen's Readjustment Act of 1944 and the regulations thereunder. In the Code of Federal Regulations, Title 38, section 36.4323(e) appears the following:

"Any amounts paid by the Administrator on account of the liabilities of any veteran guaranteed or insured under the provisions of the act *shall constitute a debt owing to the United States by such veteran.*"

The language of this provision is clear and there can be no question therefrom of the intent of the Congress to make any payments made by the Government under the guarantee of the Act an enforceable demand until full satisfaction is obtained. Foreclosure proceedings could only extinguish the debt (as the entire loan could be a potential debt under the regulation), for that amount credited on the loan as a result of such action. Defendant's transfer of the mortgaged property to another gave him no immunity from liability for any amounts that the Government might have to advance on its guarantee to satisfy the unpaid demands of the lender. Defendant's liability, created when his loan application was made out and the note and mortgage executed, remains a direct and subsisting obligation until the Government has been repaid. Exhaustion of the security is incidental. The Government's motion for judgment should be sustained.