James R. Venable and Olon E. Scott, Atlanta, Ga., for defendant.

**UNITED STATES of America**

v.

**Fred M. RYDER.**

**Civ. A. No. 6059.**

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 17, 1958.

SLOAN, District Judge.

In the complaint in the above case plaintiff alleges that the defendant is indebted to it in the sum of $1,695.20, plus interest, as fully set forth in a Certificate of Indebtedness of the General Accounting Office of the United States dated April 11, 1957, which is attached to the complaint as an exhibit; that plaintiff has demanded "repayment of said sums" but that defendant "fails to restore said sum" and is therefore indebted to plaintiff in the said amount of $1,695.-20 plus interest from September 7, 1949. In his answer the defendant denies that he is indebted to plaintiff.

Plaintiff has filed a motion for summary judgment "on the ground that, on the basis of the record and the attachments hereto there is no genuine issue of material facts in the case." This motion is

now properly before the Court for determination under the Local Rules of this Court.

Plaintiff attaches in support of the motion:

1. A true and correct copy of Security Deed Note executed by defendant on September 3, 1947, with Assignment of the same date.

2. A true and correct copy of Security Deed executed by the defendant on September 3, 1947, with Assignment of the same date.

3. A true and correct copy of Application for Loan Guaranty to the Veterans Administration by defendant, dated July 15, 1947.

4. Certificate of Loan Guaranty issued to the defendant by the Veterans Administration.

5. True and correct copy of Claim Under Loan Guaranty by the Assignee, Acacia Mutual Life Insurance Company, dated July 25, 1949.

6. Affidavit of Loan Guaranty Officer, Harry C. Bennett.

7. True and correct copy of check dated September 7, 1949 in the sum of $3,781.89 representing payment to claimant Acacia Mutual Life Insurance Company by the Veterans Administration.

Defendant has failed to file any affidavits or to submit any other evidence in opposition to the motion.

From the record now before the Court it appears:

On September 7, 1947 the defendant, Fred M. Ryder, borrowed $10,000 from Draper-Owens Co. of Atlanta, Georgia, executing a Security Deed Note for said loan payable to Draper-Owens Co. in the amount of $10,000 payable in monthly installments of $60.60 commencing on October 1, 1947 and continuing on the first day of each month thereafter until the note was fully paid, except that if the final payment of principal and interest was not sooner paid, that the same should be due and payable on September 1, 1967. This note was secured by a Security Deed executed by defendant to Draper-Owens Co. to a described tract of land in Fulton County, Georgia, plus "2 stoves and 2 refrigerators now located in said realty."

On the same date, Draper-Owens Co. entered its endorsement on the note making same payable to the Order of Acacia Mutual Life Insurance Company "without recourse," and also, on the same date, Draper-Owens Co. transferred, assigned and conveyed to Acacia Mutual Life Insurance Company "without recourse" all of its rights, title, interest, powers and options in, to and under such security deed "as well as to the land described therein and the indebtedness secured thereby."

Prior to the execution of the Security Deed Note and the Security Deed above referred to defendant, Fred M. Ryder, had made application to the Administrator of Veterans' Affairs for a Home Loan Guaranty under and subject to the provisions of the Servicemen's Readjustment Act of 1944, 38 U.S.C.A. § 693 et seq. and this application was approved and a Certificate issued to Draper-Owens Co. by such Administrator on September 19, 1947 whereby 40 percent of the indebtedness of defendant outstanding from time to time under such loan was guaranteed.

The defendant became in default as to payments of $60.60 due respectively on April 1, 1949, May 1, 1949, June 1, 1949 and July 1, 1949, being a total default in the sum of $242.40.

On June 7, 1949 Acacia Mutual Life Insurance Company notified the Veterans Administration of the default in the payment of the above installments and of its intention to foreclose on the loan, and on July 25, 1949, prior to foreclosure, Acacia Mutual Life Insurance Company, filed a claim with the Veterans Administration, under the terms of the Guaranty, for the sum of $3,781.89 which was paid by the Veterans Administration on September 7, 1949.

Upon receipt of notice of the filing of the foreclosure proceedings on said loan and pursuant to Regulation 36.4320, the Veterans Administration determined and

specified the minimum amount which the mortgage holder was required to credit to the indebtedness of the borrower in an accounting with the Administrator of Veterans Affairs for the purpose of determining the rights and liabilities of the holder, and the Administrator. The minimum amount or "upset price" was based upon an appraisal of the property and the consideration of such factors as the guaranteed indebtedness as of date of liquidation, the total estimated indebtedness as of date of liquidation, the estimated net value of the property to the Veterans Administration if acquired and such other items as would tend to minimize the liability of the Veterans Administration under the guaranty.

The property described in the security deed was sold under the power of sale contained therein on October 4, 1949 and was acquired by Acacia Mutual Life Insurance Company on its bid of $7,875, the minimum amount or "upset price" and pursuant to Regulation 4320 it acquired an option to retain the property or to convey it to the Administrator for an amount equal to the indebtedness, less the amount previously paid on the Guaranty, or the minimum amount or "upset price," whichever was less. Acacia Mutual Life Insurance Company elected to convey the property to the Administrator of Veterans Affairs and the following figures represent its final accounting to the Veterans Administration:

| | | |
|---|---|---:|
| 1. | Total indebtedness on date of claim (7-25-49) (Unpaid principal $9,305.49 and interest due $149.23). | $9,454.72 |
| 2. | Interest accrued from date of claim to date of sale | 60.18 |
| 3. | Foreclosure expense by holder including attorney's fee $143.00 | 198.30 |
| 4. | Holder also paid State and County taxes for 1949 | 44.62 |
| 5. | Total indebtedness on date of sale (10-4-49) | $9,757.82 |
| 6. | Less the amount paid by the Veterans Administration under guaranty | 3,781.89 |
| 7. | Balance is amount due the holder in acquisition of property (paid by VA 10-7-49) | $5,975.93 |
| 8. | Total paid holder by the VA | 9,757.82 |
| 9. | Less "upset price" | 7,875.00 |
| 10. | Gross amount due VA by borrower under guaranty | $1,882.82 |
| 11. | Less attorney's fees, $143.00 and State and County taxes, $44.62 | 187.62 |
| 12. | Principal amount due VA by veteran borrower | $1,695.20 |

On April 11, 1957 the General Accounting Office of the United States of America issued its Certificate of Indebtedness against the defendant, Fred M. Ryder, certifying that the Comptroller General of the United States had examined and settled the claim against the defendant finding that "there is due the United States the sum of $1,695.20 plus interest in the amount of $542.40 as of April 30, 1957."

The evidence submitted by plaintiff in support of its motion for summary judgment demands a judgment in its favor under the Servicemen's Readjustment Act of 1944, as amended, the Regulations issued thereunder, and the provisions of the Loan Guaranty Application signed by the defendant. See United States v. Jones, D.C.M.D.Ga., 155 F.Supp. 52; United States v. Henderson, D.C., 121 F. Supp. 343.

Movant having thus made a convincing showing that no genuine issue of fact exists and the respondent having failed to "adequately demonstrate by receivable facts that a real, not formal, controversy exists," it follows that plaintiff's motion for summary judgment should be, and it is hereby granted. See Bruce Construction Corp. v. United States, 5 Cir., 242 F. 2d 873. Such judgment may be prepared and presented.