**WEBSTER CITY PRODUCTION CRED-IT ASSOCIATION, Appellee,**

v.

**Clifton A. LENZ and Vera V. Lenz, Appellants.**

**No. 61120.**

Supreme Court of Iowa.

July 26, 1978.

J. Michael Mayer, Des Moines, for appellants.

Carroll K. Wood, Webster City, for appellee.

Considered by MOORE, C. J., and Le-GRAND, REES, REYNOLDSON, and MASON (serving after June 14, 1978, by special assignment), JJ.

LeGRAND, Justice.

Defendant seeks now to set aside a judgment which was entered on June 3, 1971, against him and his wife, Vera V. Lenz. She has since died, and we refer to Clifton A. Lenz as the sole defendant. The trial court denied his motion and we affirm.

This case arises out of a series of loans made by the Webster City Production Credit Association (hereafter called the Association). When default was made in payment, two suits were started, one in Hamilton County and one in Story County. Eventually judgment was entered against defendant for $91,805.62 together with interest and costs. On July 11, 1977, more than six

years later, defendant filed a motion to set aside this judgment under rule 236, Rules of Civil Procedure, alleging several of the notes were forgeries.

I. Defendant executed a series of seven notes to the association over a period of eleven months from August, 1969, to July, 1970. They were secured by a mortgage on real estate in Story County and by a chattel mortgage in Hamilton County. By agreement the two cases were consolidated for trial in Story County.

Throughout these proceedings defendant has been represented by a succession of attorneys. At the time of the judgment, his attorney was Charles Deppe. The two cases were set for trial on May 21, 1971. At that time, defendant was in the hospital. He had asked his attorney to have the trial continued. He also had personally contacted the trial judge for that purpose. The record is obscure as to what was done in this regard, but in any event no continuance was granted.

When the case came up, the following proceedings occurred:

"The Court: Is the plaintiff ready for trial in both cases?

Mr. Wood (Attorney for plaintiff): Plaintiff is ready, your honor.

The Court: Are the defendants ready for trial?

Mr. Deppe: Your honor, the defendants are not here but I am ready to proceed with the record that you want to make.

The Court: All right * * *

Mr. Deppe: We have reached an agreement, your honor, and would ask that the court enter judgment for the amount that is there, that has been prayed for without proving up their case and I don't think I have anything else we need to put in the record at this time.

Mr. Wood: Well, of course we move for dismissal of the counter-claim.

Mr. Deppe: Yes, that's correct. We dismiss the counterclaim.

The Court: Then is counsel for the plaintiff going to prepare the judgment entry?

Mr. Wood: I will submit it to Mr. Deppe first for approval, yes, before the court signs it."

Judgment was entered on June 3, 1971. Defendant later filed a motion to have it vacated under rules 252–253, R.C.P. The grounds asserted there included the allegation that two of the notes were forgeries. (This is also the ground now relied on by defendant in the matter under consideration.) Defendant's motion was overruled on June 26, 1973. No appeal was taken from that ruling.

On December 21, 1973, plaintiff filed a satisfaction acknowledging full payment of the June 3, 1971, judgment.

Nothing further appears until July 11, 1977, when defendant filed his motion under rule 236, R.C.P., to set aside the 1971 judgment.

We set out the rule in full:

"*Setting aside default.* On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. *Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment.* Its filing shall not affect the finality of the judgment or impair its operation." (Emphasis added.)

Obviously, unless defendant can escape the terms of this rule, his motion comes much too late. Attempting to avoid the claim his motion is not timely, he relies on rule 228, R.C.P., which provides:

"*Notes surrendered.* The clerk shall not, unless by special order of the court, enter or record any judgment based on a note or other written evidence of indebtedness until such note or writing is first filed with him for cancellation."

█ It is undisputed the notes were not filed with the clerk when judgment was entered. Defendant argues no valid judgment could be entered until that was done.

They were filed finally on July 6, 1977, and his motion was filed on July 11, 1977. He says this brings him within rule 236 because his motion was filed within sixty days from the date a valid judgment was entered.

We pass the question whether defendant is foreclosed from raising in a motion under rule 236 the same grounds he had unsuccessfully urged in his motion under rules 252–253. We hold defendant is not entitled to relief because the judgment is not within the purview of rule 236.

In order to prevail, defendant must show the 1971 judgment was a default judgment. Rule 236 relates to such judgments only, and it is the only avenue still open to defendant since his previous motion under rule 252 has already met with failure. We hold defendant must fail here, too, because the judgment was not one by default within the rule.

While it is true the judgment recites it is entered by default, the undisputed facts show it was actually a judgment by consent. The case was called for trial. Plaintiff was ready to proceed. Defendant by his attorney acknowledged the debt in open court, agreed to the entry of judgment, and verified the amount due. This is not a judgment by default. *See Dragstra v. Northwestern State Bank of Orange City*, 192 N.W.2d 786, 790, 792 (Iowa 1971). *Van Donselaar v. Van Donselaar*, 249 Iowa 504, 508, 87 N.W.2d 311, 313 (1958); *cf. City of Chariton v. J. C. Blunk Construction Co.*, 253 Iowa 805, 812–13, 112 N.W.2d 829, 832–33 (1962).

■ II. Although it is perhaps unnecessary to do so, we discuss briefly the clerk's entry of judgment without first demanding surrender of the notes. As already shown, such a surrender is required by rule 228, R.C.P.

We do not agree with defendant that this rendered the judgment void. At most a failure to comply with this rule subjects the judgment to an attack by the injured party. *See* 29 Iowa Law Review 35, 43 (1943) where this statement appears:

"A judgment entered in violation of [rule 228] may stand if the instrument is filed before attack on the judgment. But until then, it is at least subject to direct attack; for the purpose is to forbid simultaneous existence of the instrument and a judgment on it."

While there was an unusual lapse of time here between the entry of the judgment and the surrender of the notes, no attack was made on this ground until *after* the filing of the notes. *See Jensen v. Martinsen*, 228 Iowa 307, 291 N.W. 422 (1940); *Selby v. McDonald*, 219 Iowa 823, 259 N.W. 485 (1935). In *Jensen*, 228 Iowa at 313, 291 N.W. at 425, we said:

"In this case, the record affirmatively shows that the judgment was entered eight days before the note was surrendered for cancellation. Even though the statute was not strictly complied with, the purpose of its enactment was accomplished. In view of this fact, and the further fact that appellant waited for over two years before urging the failure to comply with the statute as a basis for relief in equity, and, when he did urge the same, failed to make any showing of any defense to the note upon which judgment had been entered we hold that the decree of the trial court must be and it is affirmed."

This case differs from *Jensen* in several respects. Here the delay was six years, there only eight days. There no defense was asserted, here defendant relies on fraud. But there are similarities between this case and that one too. In neither case was defendant harmed by the failure to file the notes. In each case there was a long delay before asking relief on that ground. We believe the general principle announced in *Jensen* is applicable here. Under the facts shown here and in the absence of prejudice, defendant is not entitled to relief because of the clerk's failure to comply with rule 228.

III. The judgment of the trial court is affirmed.

AFFIRMED.