## FIRST INTERSTATE BANK OF SIOUX CITY, Appellant,

v.

## Judith A. GRAY, Appellee.

### No. 90–1566.

Supreme Court of Iowa.

Oct. 16, 1991.

Jonathan L. Wilson and Diane M. Stahle of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for appellant.

Robert J. Dull of Murphy & Dull, LeMars, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL and ANDREASEN, JJ.

SNELL, Justice.

Appellant, First Interstate Bank of Sioux City, instituted suit to secure a judgment on an overdue promissory note executed by appellee, Judith Gray, and her husband. Appellee moved for summary judgment, which was granted by the district court. We reverse and remand.

The facts, which are not in dispute, indicate that on August 25, 1985, Judith Gray and her husband, Paul Gray, executed a promissory note in the amount of $12,844.87 in favor of First Interstate Bank of Sioux City. The Grays assumed joint and several liability on the note. After the Grays defaulted on the note, the bank sued Paul Gray in Woodbury County District Court, which resulted in the entry of a default judgment against him. Pursuant to Iowa Rule of Civil Procedure 228, the bank submitted the note to the Clerk of the Court for Woodbury County who then stamped on the note "Canceled by Judg-

ment." The full text of the rule reads as follows:

> The clerk shall not, unless by special order of the court, enter or record any judgment based on a note or other written evidence of indebtedness until such note or writing is first filed with him for cancellation.

Iowa R.Civ.P. 228.

The judgment against Paul Gray was not satisfied and the bank then began this action against Judith Gray for the amount due on the note. Judith Gray filed a motion for summary judgment based upon the purported cancellation of the note by the Woodbury County Clerk. The district court granted the summary judgment, and this appeal followed.

The sole issue presented is whether the district court made an error of law when it concluded that the cancellation of the promissory note, in accordance with Iowa Rule of Civil Procedure 228, following the suit against Paul Gray foreclosed a future suit against appellee for any remaining amounts due.

Our review of a summary judgment is at law. Iowa R.App.P. 4. The appellate court's role on appeal is to determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Hike v. Hall,* 427 N.W.2d 158, 159 (Iowa 1988).

■ The Iowa Code clearly provides for suits against obligees that have assumed joint and several liability. Iowa Code section 613.1 (1991) states: "[T]he action thereon may, at the plaintiff's option, be brought against any or all of [the obligees]...." In addition, Iowa Code section 613.2 provides that "[a]n action or judgment against any one or more of several persons jointly bound shall not be a bar to proceedings against the others." If these provisions are to be given any import, the ability of an obligor to pursue joint and several obligees in a sequential fashion must be preserved notwithstanding the mandate of Iowa Rule of Civil Procedure 228 that all notes sued upon must be surrendered and canceled.

Rule 228 can be interpreted so as to effectuate its intended purpose without rendering sections 613.1 and 613.2 devoid of meaning. *See John Deere Dubuque Works v. Weyant,* 442 N.W.2d 101, 104 (Iowa 1989) (statutory interpretation calls for reasonable interpretations that effect the purpose of statute without creating absurd results). The purpose of rule 228 is "to retire the written instrument from circulation so that the maker, or others liable on the same, [will] not be subjected to other suits...." *Jensen v. Martinsen,* 228 Iowa 307, 311, 291 N.W. 422, 424 (1940). Allowing obligors to seek judicial enforcement of notes in a sequential fashion from obligees who have assumed joint and several liability will not frustrate this legitimate goal so long as the note is surrendered to the court clerk and canceled as between the judgment creditor and the judgment debtor. Surrendering the note will take it out of circulation and thereby forestall the possibility of liability arising from a subsequent negotiation of the note to a third party. Canceling the note as between the judgment creditor and the judgment debtor will prevent subsequent suits against the judgment debtor. Moreover, double recovery will be avoided since other obligees who have assumed joint and several liability can assert full satisfaction as a defense to subsequent actions to collect by the obligor. *See Hayes v. Hugel,* 150 Iowa 297, 299, 129 N.W. 958, 959 (1911) (plaintiff is not entitled to double recovery).

■ We hold that "cancellation" for purposes of Iowa Rule of Civil Procedure 228 means cancellation as to the judgment debtor only. To the extent the obligor's debt remains unsatisfied, rule 228 will not bar subsequent suits against other joint and several obligees. The decision of the district court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.